[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 521.]

THE STATE EX REL. BRANTLEY, APPELLANT, *v.* GHEE ET AL., APPELLEES.

[Cite as *State ex rel. Brantley v. Ghee*, 1998-Ohio-17.]

*Mandamus to compel employees of Ohio Adult Parole Authority to remove a detainer against relator from the parole authority's records—Writ denied, when.*

(No. 97-2237—Submitted September 15, 1998—Decided November 10, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD04-530.

————————————

{¶ 1} In 1997, appellant, Gregory Brantley, filed a motion in the Court of Appeals for Franklin County to compel appellees, employees of the Ohio Adult Parole Authority ("APA"), to remove a detainer against Brantley from APA records. Brantley alleged that in 1990, the APA filed a detainer against him after he was arrested on new criminal charges. Brantley waived his right to an on-site parole revocation hearing. According to Brantley, he was entitled to removal of the detainer from his APA records under former Ohio Adm.Code 5120:1-1-17 and 5120:1-1-31 because the APA's detainer was based on hearsay.

{¶ 2} The court of appeals granted appellees' motion for judgment on the pleadings and denied the writ.

{¶ 3} This cause is now before the court upon an appeal as of right.

————————————

*Gregory Brantley, pro se.*

————————————

***Per Curiam.***

{¶ 4} Brantley asserts that the court of appeals erred in denying the writ of mandamus. For the following reasons, however, Brantley's contentions lack merit.

{¶ 5} As the court of appeals correctly held, at the time Brantley filed his motion, neither former Ohio Adm.Code 5120:1-1-17 nor Ohio Adm.Code 5120:1-1-31 required the APA to cancel the detainer. Former Ohio Adm.Code 5120:1-1-17, as cited by Brantley, did not impose any duty to cancel detainers. Ohio Adm.Code 5120:1-1-31(E) authorizes the APA to choose to initiate revocation proceedings in lieu of canceling a detainer. Brantley conceded in his motion that he was ultimately convicted of the new criminal charges that were the basis for the detainer. The APA has no legal duty to hold a final parole revocation hearing for Brantley during the time he is incarcerated on new criminal charges. *State ex rel. Taylor v. Ohio Adult Parole Auth.* (1993), 66 Ohio St.3d 121, 609 N.E.2d 546.

{¶ 6} In addition, original actions for extraordinary relief like a writ of mandamus must be commenced by filing a complaint or petition rather than a motion. *State ex rel. Simms v. Sutula* (1998), 81 Ohio St.3d 110, 111, 689 N.E.2d 564; *Myles v. Wyatt* (1991), 62 Ohio St.3d 191, 580 N.E.2d 1080, 1081. Brantley erroneously filed a motion rather than a complaint or petition.

{¶ 7} Finally, contrary to Brantley's claims, no additional discovery was necessary for the court of appeals to resolve appellees' motion for judgment on the pleadings. See *State ex rel. Findlay Publishing Co. v. Hancock Cty. Bd. of Commrs.* (1997), 80 Ohio St.3d 134, 136, 684 N.E.2d 1222, 1224 ("In order to be entitled to dismissal under Civ.R. 12[C], it must appear beyond doubt that relator can prove no set of facts warranting the requested relief, after construing all material factual allegations *in the complaint* and all reasonable inferences therefrom in relator's favor." [Emphasis added.]).

{¶ 8} Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

January Term, 1998

_____