ROSS, APPELLANT, *v.* SHOEMAKER, CHIEF, APPELLEE.

(No. 81AP-581—Decided December 10, 1981.)

*Mr. Harry Ross, pro se.*

*Mr. William J. Brown,* attorney general, and *Mr. James A. Keating,* for defendant-appellee.

MOYER, J. This matter is before us on plaintiff-appellant's, Harry Ross' appeal from an order of the Court of Claims sustaining defendant-appellee's motion to dismiss plaintiff's complaint for the reasons that the Court of Claims is without jurisdiction to adjudicate plaintiff's claim, no compensatory damages are claimed, the award of punitive damages is unauthorized in the Court of Claims, and that the Court of Claims has no jurisdiction in declaratory judgment actions. The trial court further found that plaintiff could not recover under any facts which could be proven in support of his complaint.

Plaintiff's complaint, filed *pro se* against only John Shoemaker, Chief of the State of Ohio Adult Parole Authority, alleges that defendant uses vague conclusory statements as his reasons for denying plaintiff's parole and that such a procedure denies plaintiff his due process and equal protection rights under the United States Constitution.

Plaintiff's complaint prays for a declaratory judgment declaring that defendant's vague, ambiguous and conclusory parole criteria deny plaintiff his constitutional rights. Plaintiff also sought an injunction against defendant and punitive and nominal damages in the amount of $14,000.

Plaintiff's assignment of error is as follows:

"The Court of Claims trial court errored [*sic*] to the prejudice of Plaintiff-Appellant and denied Plaintiff-Appellant substantial justice in dismissing the complaint of Plaintiff-Appellant."

Plaintiff cites the previous decision of this court in *A.F.S.C.M.E.* v. *Blue Cross* (1979), 64 Ohio App. 2d 262 [18 O.O.3d 227], in support of his claims that the trial court erred by concluding that it had no jurisdiction to render a declaratory judg-

ment in this case. While the Court of Claims does have the authority to render declaratory judgments, it did not in this case because the complaint does not seek a determination of plaintiff's rights pursuant to a statute, rule, contract, constitutional provision, municipal ordinance or a deed or will. R.C. 2721.03.

The Court of Claims Act does not create new causes of action where none existed in the past and it creates no cause of action for money damages arising from the Adult Parole Authority's rules with respect to the reason the authority gives for not granting parole to an inmate. See the unreported decision of this court in *BoCook* v. *State of Ohio Department of Rehab. and Corr.* (Oct. 28, 1976), No. 76AP-534; *A.F.S.C.M.E.* v. *Blue Cross, supra.*

As we stated in *BoCook, supra,* a private party does not operate a prison system, has no duty to incarcerate criminals, and therefore an inmate may not sue the state in the Court of Claims for an alleged illegal procedure in the parole process because such a cause of action did not exist between private parties prior to the adoption of R.C. Chapter 2743. The assignment of error is not well taken and is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and REILLY, JJ., concur.