SAXTON, Appellant,

v.

**OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, Appellee.**

[Cite as *Saxton v. Ohio Dept. of Rehab. & Corr.* (1992), 80 Ohio App.3d 389.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–499.

Decided Dec. 15, 1992.

*Herman Saxton, pro se.*

*Lee Fisher*, Attorney General, and *Eric A. Walker*, Assistant Attorney General, for appellee.

———————

ARCHER E. REILLY, Judge.

This is an appeal from a judgment of the Court of Claims.

Appellant, Herman Saxton, filed a complaint in the Court of Claims. The complaint alleged that appellant was entitled to damages because appellee, Ohio Department of Rehabilitation and Correction, had wrongfully imprisoned him resulting in loss of potential earnings from "arts & crafts" and emotional suffering. The complaint also requested attorney fees.

Appellee filed an answer. Subsequently, appellee filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C). Appellee argued that appellant's complaint challenged a ruling of the Rules Infraction Board ("RIB") and that the Court of Claims had previously ruled that it lacked subject-matter jurisdiction over decisions of the RIB. Further, appellee argued that the court lacked subject-matter jurisdiction over appellant's civil rights claims.

Appellant responded to appellee's motion and disputed appellee's characterization of his complaint as one that challenged the ruling of the RIB. Appellant stated that his complaint did not seek damages because the RIB had incorrectly found him guilty of a prison rule, but because he had been wrongfully imprisoned in isolation for fifteen days and, consequently, lost potential earnings from the arts and crafts department and suffered emotional distress.

Appellee responded to appellant's wrongful imprisonment argument and asserted that in addition to the reasons in appellee's motion for judgment on the pleadings, the court should dismiss appellant's complaint because it failed to state a claim upon which relief could be granted and that the statute of limitations barred the wrongful imprisonment claim.

The Court of Claims granted appellee's motion for judgment on the pleadings. The court found that appellant was not alleging that appellee had no lawful right to confine him in prison, but that he was challenging the RIB decision. The court reaffirmed its previous rulings that it lacked jurisdiction over decisions of the RIB, *Key v. Ohio Dept. of Rehab. & Corr.* (May 17, 1989), Ct. of Cl. No. 87–02523, unreported; over constitutionally derived claims predicated upon state action, *Thompson v. S. State Community College* (June 15, 1989), Franklin App. No. 89AP–114, unreported, 1989 WL

65450; and over Section 1983, Title 42, U.S.Code-based claims, *Burkey v. S. Ohio Correctional Facility* (1988), 38 Ohio App.3d 170, 528 N.E.2d 607.

Appellant appeals this order and asserts the following assignment of error:

"The Court of Claims of Ohio erred to the prejudice of the appellant in granting appellee's motion for judgment on the pleadings. Such action denied the appellant due process and equal protection of the law."

Appellee charged appellant with possession or manufacture of a "weapon or contraband" in violation of a Class II institutional rule and placed him in "disciplinary control" for an alleged prison rule violation. The RIB found him not guilty of the Class II infraction, but guilty of a Class III infraction and gave him a verbal reprimand. The warden at the institution modified the RIB's report and sentenced appellant to fifteen days in disciplinary control. Appellant appealed this action to the Director of the Department of Rehabilitation and Correction. The director reversed and remanded the warden's determination to the RIB. On remand, the RIB found that appellant had not violated any prison rules and restored his institutional status.

Appellant seeks damages for the time he spent in disciplinary control for a rule infraction that he was ultimately found not to have committed.

The Ohio Supreme Court has identified false imprisonment to be the intentional confinement of a person " ' * * * without lawful privilege and against his consent within a limited area for any appreciable time, however short.' * * * " *Feliciano v. Kreiger* (1977), 50 Ohio St.2d 69, 71, 4 O.O.3d 158, 159, 362 N.E.2d 646, 647.

█ When entering a judgment on the pleadings, the material allegations in plaintiff's complaint and all reasonable inferences arising therefrom must be accepted as true. *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 573 N.E.2d 633, citing *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 63 O.O.2d 262, 297 N.E.2d 113. Appellant's complaint does not contest the conviction that is responsible for his prison sentence nor does it contest the lawfulness of his continued imprisonment. Appellant's complaint concerns the fact that appellee disciplined him for an alleged infraction of a prison rule that he was later found not to have violated. Hence, appellant failed to state a complaint for false imprisonment.

█ To the extent that appellant's complaint may have alleged a constitutional claim or a claim pursuant to Section 1983, Title 42, U.S.Code, the Court of Claims lacks jurisdiction over such claims. *Thompson, supra; Burkey, supra.*

Appellant's assignment of error is overruled and the order of the Court of Claims dismissing appellant's complaint is affirmed.

*Judgment affirmed.*

McCormac and Peggy Bryant, JJ., concur.

Archer E. Reilly, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.