STEWARD

v.

DEPARTMENT OF REHABILITATION AND CORRECTION.

Court of Claims of Ohio.

No. 97–05291.

Decided Aug. 26, 1998.

*Douglas K. Steward,* pro se.

*Betty D. Montgomery,* Attorney General, and *Monique Bradley,* Assistant Attorney General, for appellee.

———

FRED D. GARTIN, Magistrate.

On August 3, 1998, a trial was held at the Lebanon Correctional Institution. Plaintiff Douglas K. Steward is an inmate under the custody and control of defendant pursuant to R.C. 5210.16.

Plaintiff's complaint sets forth various allegations regarding decisions of the Rules Infraction Board and Adult Parole Board, as well as his classification within the institution.

 The Court of Claims lacks jurisdiction over rulings of the Rules Infraction Board. *Saxton v. Ohio Dept. of Rehab. & Corr.* (1992), 80 Ohio App.3d 389, 609 N.E.2d 245. The court also lacks jurisdiction and will not act as an appellate court for decisions of the Parole Board. *Ross v. Shoemaker* (1981), 3 Ohio App.3d 31, 443 N.E.2d 1025. Last, the court will not interfere with the classification and placement of prisoners. *Bell v. Wolfish* (1979), 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447.

Plaintiff also did not prove any other claim by a preponderance of the evidence. To the contrary, plaintiff continued to argue claims over which the court lacked jurisdiction even after he was so informed by the magistrate. Plaintiff is simply dissatisfied with the institution, and his exhibits and testimony demonstrate that he has written to many government agencies to request an investigation of his claims. After being dissatisfied with the responses, he filed a lawsuit in this court requesting the court to investigate his claims. The Court of Appeals for Franklin County has held: "The Court of Claims of Ohio is not meant to be merely an avenue for inmates to vent their spleens about whatever is wrong in their world." *Hurst v. Ohio Adult Parole Auth.* (Dec. 24, 1991), Franklin App. No. 91AP–911, unreported, 1991 WL 274883. Additionally, the court is a neutral fact finder, and plaintiff did not offer or establish any facts entitling him to any relief. Therefore, at the conclusion of plaintiff's case, defendant's Civ.R. 41(B)(2) motion was SUSTAINED█