[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 36.]

THE STATE EX REL. BEALLER, APPELLANT, *v.* OHIO ADULT PAROLE

AUTHORITY, APPELLEE.

[Cite as *State ex rel. Bealler v. Ohio Adult Parole Auth.*, 2001-Ohio-231.]

*Mandamus sought to compel relator's release from prison–Court of appeals'*
*denial of writ affirmed.*

(No. 00-1310—Submitted December 12, 2000—Decided January 31, 2001.)

APPEAL from the Court of Appeals for Franklin County, No. 99AP-992.

———————————

*Per Curiam.*

{¶ 1} In 1983, appellant, Arthur Bealler, appeared in the Columbiana County Court of Common Pleas and pled guilty to the first three counts of an indictment charging him, *inter alia*, with rape. Bealler was convicted and sentenced to an aggregate term of twenty-one to seventy-five years in prison. In 1991, 1992, 1997, and 1999, following hearings, the Ohio Parole Board denied Bealler parole.

{¶ 2} In 1999, Bealler filed an "application for a writ of mandamus" in the Court of Appeals for Columbiana County. Bealler claimed that appellee, Ohio Adult Parole Authority ("APA"), had failed to reduce his maximum sentence in accordance with former R.C. 2967.19 and 2967.191 *et seq.* and that the APA had erroneously applied the 1998 parole guidelines to him. After the court transferred the case to the Court of Appeals for Franklin County, Bealler amended his "application" by additionally claiming that under former R.C. 5145.02, he was entitled to be released because he had already served his minimum term of incarceration, as reduced by the good time he had earned. In June 2000, the court of appeals denied the writ.

{¶ 3} In this cause now before us upon an appeal as of right, Bealler asserts that the court of appeals erred in denying the writ because of the APA's refusal to

comply with former R.C. 2967.19 and former R.C. 5145.02 and the APA's *ex post facto* imposition of the 1998 parole guidelines. Bealler's assertions are meritless.

{¶ 4} First, neither former R.C. 2967.19 nor former R.C. 5145.02 reduces the maximum term of Bealler's indeterminate sentence. These provisions also do not entitle Bealler to release from prison before he serves the maximum term provided in his sentence. See *State ex rel. Lanham v. Ohio Adult Parole Auth.* (1997), 80 Ohio St.3d 425, 427, 687 N.E.2d 283, 284-285, and cases cited therein.

{¶ 5} Second, application of the challenged parole guidelines to Bealler does not constitute *ex post facto* imposition of punishment. *Douglas v. Money* (1999), 85 Ohio St.3d 348, 349, 708 N.E.2d 697, 698; *State ex rel. Henderson v. Ohio Dept. of Rehab. & Corr.* (1998), 81 Ohio St.3d 267, 268, 690 N.E.2d 887, 888.

{¶ 6} Third, to the extent that Bealler claims that he should be released from prison, habeas corpus is the appropriate action. *State ex rel. Carter v. Ohio Adult Parole Auth.* (2000), 89 Ohio St.3d 496, 733 N.E.2d 609.

{¶ 7} Finally, original actions for extraordinary relief like a writ of mandamus must be commenced by filing a complaint or petition, not by filing a "motion" or an "application." See *State ex rel. Brantley v. Ghee* (1998), 83 Ohio St.3d 521, 522, 700 N.E.2d 1258, 1259; *State ex rel. Graves v. Ney* (1999), 87 Ohio St.3d 234, 718 N.E.2d 1289, 1290.

{¶ 8} Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Arthur Bealler, pro se.*

*Betty D. Montgomery*, Attorney General, and *Philip A. King*, Assistant Attorney General, for appellee.

_____