[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This cause is an accelerated appeal from the Madison County Court of Common Pleas in which plaintiff-appellant, Trent Griffith, appeals the lower court's decision granting the Ohio Adult Parole Authority's ("OAPA") motion to dismiss appellant's complaint for declaratory judgment and injunctive relief.[1]
Appellant was indicted in Clark County for murder and two other charges. A jury convicted appellant of voluntary manslaughter, intimidation and assault in 1990. Appellant was sentenced to prison for twelve to twenty-five years. Appellant was denied parole at his first parole hearing in 1998. Appellant's next parole hearing was scheduled for 2008, based on the parole guidelines and classifications adopted after appellant's convictions. This new parole hearing date occurs after appellant's minimum eligible date for release from incarceration.
Appellant filed a declaratory judgment action and claim for injunctive relief. The OAPA responded by filing a Civ.R. 12(B)(6) motion for dismissal, which was granted by the lower court.
Appellant's assignment of error in this appeal contends that the dismissal was in error because justiciable issues exist. Appellant's position is essentially represented by two arguments: that the jury verdict of voluntary manslaughter and corresponding sentence was conclusive of the rights of the parties and could not be altered by the OAPA, and that the application of the OAPA's parole guidelines violated the separation of powers by effectively increasing the minimum terms of imprisonment that must be served before parole is considered.
Specifically, appellant objects to the OAPA placing him in a more serious offense classification during his imprisonment for the purpose of determining his parole eligibility. The OAPA placed appellant in the offense category 13, aggravated murder, rather than the offense category 9, for his conviction for voluntary manslaughter.
Upon a de novo review on appeal, we find appellant's complaint fails to state a claim upon which relief can be granted, pursuant to Civ.R. 12(B)(6), for the reasons outlined below.
Appellant has failed to allege in his complaint the manner in which the OAPA has altered his conviction and sentence. The conviction and sentence stand. The classifications used by the OAPA are for parole purposes only. Appellant cannot serve more than the maximum sentence given by the trial court on the charges for which he was convicted. Appellant has not alleged that he was promised an early release nor has he alleged any promise by the jury verdict, the sentencing judge, or any other agreement that he would serve the minimum sentence of incarceration.
Appellant has no constitutional or statutory right to parole and he has no similar right to earlier consideration of parole. State ex rel.Henderson v. Ohio Dept. of Rehab. Corr. (1998), 81 Ohio St.3d 267,268. Further, appellant has no constitutional or inherent right to be conditionally released before the expiration of his sentence. State exrel. Bray v. Brigano (2001), 93 Ohio St.3d 458, 459.[2]
Moreover, contrary to appellant's claims, application of the challenged parole guidelines to him does not constitute ex post facto imposition of punishment. State ex rel. Bealler v. Ohio Adult Parole Authority (2001),91 Ohio St.3d 36. R.C. 2967.03 is a grant of discretion to the OAPA and does not create any presumption that parole will be issued and does not create an expectancy of parole upon which appellant can base a due process claim. State ex rel. Blake v. Shoemaker (1983), 4 Ohio St.3d 42,43. R.C. 2967.03 gives the OAPA full discretion to determine who is eligible for parole and when they are eligible, and the OAPA owes no duty to appellant to ensure that he is placed in any certain "guideline level." Houston v. Wilkinson (June 29, 2001), Allen App. No. 1-01-52, unreported;[3] contra Oswalt v. Ohio Adult Parole Authority (Oct. 4, 2001), Franklin App. No. 01AP-363, unreported, and Randolph v. Ohio AdultParole Authority (Jan. 21, 2000), Miami App. No. 99CA17, unreported.
The action of the OAPA does not usurp the sentencing role of the judiciary in violation of the separation of powers doctrine. See Woodsv. Telb (2000), 89 Ohio St.3d 504, 511 (comparing post-release control with the former system of parole in the separation of powers context).
In imposing an indefinite sentence with the possibility of parole, the trial court has limited power to control the minimum time to be served before the offender's release on parole. Id. The judge could control the maximum length of the prison sentence, but the judge has no power over when parole might be granted within those parameters. Id.
Accordingly, appellant's complaint failed to state a claim upon which relief could be granted and the OAPA's motion to dismiss was properly granted. Appellant's assignment of error is overruled.
Judgment affirmed.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form. A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
Anthony Valen, Presiding Judge, James E. Walsh, Judge, and Stephen W. Powell, Judge.
[1] Pursuant to Loc.R. 6(A), we have sua sponte assigned this appeal to the accelerated calendar.
[2] Also, the former "good time" statutes did not entitle an inmate to be released from prison before he served the maximum term provided in his sentence. State ex rel. Bealler v. Ohio Adult Parole Authority (2001),91 Ohio St.3d 36.
[3] Houston was consolidated with Layne v. Ohio Adult Parole Authority
(May 29, 2001), Marion App. No. 9-2001-06, unreported, on the certified question to the Ohio Supreme Court pertaining to whether a plea agreement is breached when the OAPA classifies the offender according to the nature of the offense rather than the lesser offense to which a plea was entered.