DECISION ON MOTION FOR SUMMARY JUDGMENT ON OBJECTIONS TO MAGISTRATE'S DECISION
{¶ 1} Relator, John A. Johnson, an inmate of the Mansfield Correctional Institution, commenced this original action requesting a writ of mandamus that orders respondent, Ohio Adult Parole Authority ("OAPA"), to comply with the law set forth inLayne v. Ohio Adult Parole Auth. (2002), 97 Ohio St.3d 456, with respect to OAPA's consideration of parole. Relator additionally requests this court to order OAPA to cease using the new parole guidelines effective March 1, 1998, as they violate the constitutional ban against ex post facto laws.
 {¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In his decision, the magistrate concluded OAPA's motion for summary judgment should be granted. Specifically, the magistrate determined that the holding of Layne is inapplicable to relator's case, as he has not had a parole hearing since OAPA's March 1, 1998 adoption of the new parole guidelines. Moreover, as to relator's claim that OAPA's application of the new parole guidelines violates the constitutional ban against ex post facto laws, the magistrate noted the Supreme Court held to the contrary in State ex rel.Bealler v. Ohio Adult Parole Auth. (2001), 91 Ohio St.3d 36.
 {¶ 3} Relator has filed objections to the magistrate's decision, rearguing those matters adequately addressed in the magistrate's decision. For the reasons set forth in the magistrate's decision, as well as those set forth below, the objections are overruled.
 {¶ 4} Relator's first objection contends the magistrate improperly denied his motion for leave of court to conduct discovery. Relator's objection fails because the issues presented in relator's complaint for mandamus involve legal issues concerning ex post facto laws and the application of Layne.
 {¶ 5} Relator's second objection disputes the applicability of Layne to the facts of this case. As the magistrate properly noted, relator has not had a parole hearing since the adoption of the new parole guidelines, and, as a result, Layne is inapplicable.
 {¶ 6} Relator's third objection continues to argue that the new Ohio parole guidelines violate prohibition against ex post facto laws. While this court lacks original jurisdiction for injunction and declaratory judgment actions, we note the Ohio Supreme Court has rejected relator's contention.
 {¶ 7} Finally, in his fourth and fifth objections, relator contends the magistrate either has held relator to an impossibly high standard of pleading or has evidenced bias against relator. Neither contention is supported in the magistrate's proceedings in this matter or in the magistrate's decision.
 {¶ 8} Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, we grant OAPA's summary judgment and deny the requested writ of mandamus.
Objections overruled
summary judgment granted,
writ denied.
LAZARUS, P.J., and SADLER, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : John A. Johnson, : Relator, : v. : No. 03AP-466 Ohio Adult Parole Authority, : (REGULAR CALENDAR) Respondent. :
 MAGISTRATE'S DECISION Rendered on November 14, 2003 IN MANDAMUS ON MOTION FOR SUMMARY JUDGMENT {¶ 9} In this original action, relator, John A. Johnson, an inmate of the Mansfield Correctional Institution, requests a writ of mandamus ordering respondent, Ohio Adult Parole Authority ("OAPA"), to comply with the law set forth in Layne v. OhioAdult Parole Auth., 97 Ohio St.3d 456, 2002-Ohio-6719, with respect to OAPA's consideration of parole. Also, relator requests that this court declare that the new parole guidelines effective March 1, 1998, are in violation of the constitutional ban against ex post facto laws.
Findings of Fact
 {¶ 10} 1. According to the complaint filed May 15, 2003, following his arrest on November 21, 1975 and a jury trial, relator was convicted of aggravated murder, rape, and kidnapping. The trial court imposed the death penalty for the aggravated murder. According to the complaint, following a court declaration that Ohio's death penalty statute was unconstitutional, the death sentence was vacated and life imprisonment was imposed instead. According to the complaint, relator is eligible for parole under the life sentence that he is serving.
 {¶ 11} 2. According to the complaint, in December 1995, relator had a parole board hearing. The OAPA announced a continuance until December 2025.
 {¶ 12} 3. According to the complaint, in March 1998, the OAPA adopted new parole guidelines.
 {¶ 13} 4. According to the complaint, by letter dated April 10, 2001, relator was informed by OAPA that, in accordance with a "new Extended Continuance procedure" which became effective December 22, 2000, relator was scheduled for a "Release Consideration Review hearing" in December 2005.
 {¶ 14} 5. On June 11, 2003, OAPA moved for summary judgment under Civ.R. 56. In support, OAPA submitted the affidavit of Richard Spence executed June 6, 2003. Mr. Spence is the Chief of Quality Assurance for OAPA. It is Mr. Spence's duty to ensure that the parole board guidelines are accurately and properly applied at parole board hearings. The Spence affidavit states in part:
* * * I have examined the Parole Board Hearing paperwork on Inmate John Johnson, A145-213. Inmate Johnson was convicted of Aggravated Murder, Rape, and Kidnapping in Cuyahoga County Common Pleas Court Case Number CR23071. He was admitted to the Department of Rehabilitation and Correction on May 21, 1976. He has had one parole release consideration hearing since his admission.
Inmate Johnson was seen by a hearing panel on October 10, 1995 at the Marion Correctional Institution. The hearing panel referred the case to be heard by the Board Members at Central Office. The Board heard his case on December 1, 1995. They utilized the guidelines that were in existence at the time of the hearing. He was categorized based on his most serious conviction, which was Aggravated Murder. His Risk Assessment/Aggregate Score was determined to be two (2). His Guidelines Range was determined to be two (2). The Board continued him to December 2025 based on the brutal nature of the offense, his prior record, and his poor institution adjustment. The Board's action is in compliance with the guidelines at the time of the offense.
* * * The Board instituted new guidelines effective April 1, 1998. These guidelines were not retroactively applied to cases previously heard.
* * * The Board initiated an Extended Continuance Policy, 501-67, effective December 22, 2000. The Board limited the Board's continuances to ten years. This policy was made retroactive.
* * * Due to the Extended Continuance Policy, Inmate Johnson was scheduled for a Release Consideration Hearing ten years from his previous hearing. He will be heard in November 2005.
* * * The actions by the Board did not change the inmate's parole eligibility date or sentence imposed by the court.
* * * The inmate is not effected by the Layne v. Ohio AdultParole Authority decision. He was heard under the Board's previous guidelines, which categorized the inmate based on his offense(s) of conviction. He is not eligible for a rehearing based on the Layne v. Ohio Adult Parole Authority decision.
(Emphasis sic.)
 {¶ 15} 6. On July 11, 2003, the magistrate assigned to this original action issued notice to the parties that respondent's June 11, 2003 motion for summary judgment was set for submission to the magistrate on July 28, 2003. Relator moved for an extension of time to file a response to the summary judgment motion. The magistrate granted relator an extension of time to file his written response no later than November 10, 2003. Relator filed his written response on November 7, 2003.
Conclusions of Law
 {¶ 16} It is the magistrate's decision that this court grant respondent's motion for summary judgment, as more fully explained below.
 {¶ 17} In Layne, supra, the Supreme Court of Ohio recognized that OAPA had adopted new parole guidelines on March 1, 1998. According to the Layne court:
The APA's new guidelines set forth a "parole guidelines chart" to determine the range of time that a prisoner should serve before being released. When considering inmates for parole the APA relies on a combination of two factors: the serious-ness of an offender's criminal offense and the offender's risk of recidivism. To use the guidelines chart, each inmate is assigned two numbers that correspond to the above factors, an offense category score and a criminal history/risk score. The assigned numbers are then located on the guidelines chart, which is a grid with the offense category scores along the vertical axis and the criminal history/risk scores along the horizontal axis. At each intersection of the two scores there is an "applicable guideline range," indicating the range of months an inmate must serve before being released. During an inmate's first hearing under the new guidelines, the Parole Board generally gives an inmate a "projected release date," which presumably falls within the applicable guideline range. The projected release date is the date that the inmate is eligible for release, either on parole or on expiration of sentence.
Offense categories, at least in the form under consideration in these actions, were not in existence before the revised guidelines were introduced. The APA guidelines assign each type of criminal offense under Ohio law to an offense category. The guidelines contain 13 offense categories. The least serious criminal offenses are placed in category one. The more serious violations are placed in progressively higher numbered categories with the most serious in category 13. In determining an inmate's offense category score, the APA begins "by considering the conduct and circumstances established by the offense of which the defendant was convicted (offense of conviction)." However, the APA's revised guidelines permit the Parole Board to look beyond the offense of conviction to the circumstances surrounding the offense and assign an offense category score higher or lower than that applicable to the offense of conviction.
Id. at ¶ 2-3. (Fn. omitted).
 {¶ 18} In Layne, supra, the Supreme Court of Ohio decided three cases involving inmates Wiley Layne, Gerald Houston, and Howard Lee. The Layne court states:
In each of the cases before us, the APA assigned the inmate an offense category score, not on the basis of the offenses of conviction, but, rather, on alleged criminal activity. Specific-ally, at Layne's parole hearing, the APA assigned Layne an offense category score for kidnapping despite the fact that the offense of kidnapping, while charged in the original indictment, was subsequently dropped by the prosecutor in exchange for Layne's plea. In Houston's case, the APA placed him in a higher offense category based in part on its conclusion that Houston had committed an attempted rape. Houston was neither charged with nor convicted of attempted rape. Finally, Lee was given the highest offense category score by the APA, 13, for allegedly committing an aggravated murder even though he was convicted of involuntary manslaughter. The result in each case was that substantially more time was required to be served before the inmate could be considered for release on parole than would have been required had each inmate been assigned scores according to their offenses of conviction. Moreover, in the cases of Layne and Lee, the APA's offense category score resulted in projected release dates that extended beyond the expiration of their maximum sentences.
In Randolph v. Adult Parole Auth. (Jan. 21, 2000), Miami App. No. 99-CA-17, * * * the Second District Court of Appeals determined that, as an agency of the state, the APA was bound by the state's plea agreement with a criminal defendant. Accordingly, the court in Randolph determined that the APA must begin its decision-making process concerning parole eligibility by assigning an inmate the offense category score that corresponds to the actual offense of which the inmate was convicted. The court of appeals noted, however, that the APA retained its discretion to determine that an inmate should serve his or her maximum sentence, and in making that determination could consider relevant facts and circumstances, including the offense or offenses set out in the indictment, as well as any circumstances surrounding the offense. We agree with the reasoning set forth in Randolph.
At the time that each plea agreement under review here was entered into, R.C. 2967.13(A) provided that a prisoner serving a sentence of imprisonment for a felony for which an indefinite term of imprisonment is imposed "becomes eligible for parole at the expiration of his minimum term." Am.Sub.S.B. No. 1, 139 Ohio Laws, Part I, 1, 25; Am.Sub.H.B. No. 708, 142 Ohio Laws, Part III, 4853, 5010.
We agree with the statement of the Montgomery County Court of Appeals in Lee [Lee v. Adult Parole Auth. (Apr. 7, 2000), Montgomery App. No. 17976] that the words "eligible for parole" in former R.C. 2967.13(A) ought to mean something. Inherent in this statutory language is the ex-pectation that a criminal offender will receive meaningful consideration for parole. In our view, meaningful consideration for parole consists of more than a parole hearing in which an inmate's offense of conviction is disregarded and parole eligibility is judged largely, if not entirely, on an offense category score that does not correspond to the offense or offenses of conviction set forth in the plea agreement. Under the practice sanctioned here by the APA's revised guidelines, the language of former R.C. 2967.13 that an inmate" becomes eligible for parole at the expiration of his minimum term" is rendered meaningless.
We recognize that the APA has wide-ranging discretion in parole matters. State ex rel. Lipschutz v. Shoemaker (1990),49 Ohio St.3d 88, 90 * * *. R.C. 2967.03 vests discretion in the APA to "grant a parole to any prisoner for whom parole is authorized, if in its judgment there is reasonable ground to believe that * * * paroling the prisoner would further the interests of justice and be consistent with the welfare and security of society." However, that discretion must yield when it runs afoul of statutorily based parole eligibility standards and judicially sanctioned plea agreements. Therefore, we hold that in any parole determination involving indeterminate sentencing, the APA must assign an inmate the offense category score that corresponds to the offense or offenses of conviction. We further emphasize, as did the court of appeals in Randolph, that the APA, when considering an inmate for parole, still retains its discretion to consider any circum-stances relating to the offense or offenses of conviction, including crimes that did not result in conviction, as well as any other factors the APA deems relevant. Hemphill v. Ohio AdultParole Auth. (1991), 61 Ohio St.3d 385, 386 * * *. See, also, Ohio Adm. Code 5120:1-1-07.
Id. at ¶ 24-28. (Fns. omitted.)
 {¶ 19} Relator has not had a parole hearing since OAPA's March 1, 1998 adoption of the new parole guidelines. Relator is scheduled for a parole hearing in November 2005. Accordingly, the holding of Layne, supra, is inapplicable to the instant case.
 {¶ 20} Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. Turner v.Turner (1993), 67 Ohio St.3d 337, 339-340; Bostic v. Connor
(1988), 37 Ohio St.3d 144, 146; Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. The moving party bears the burden of proving no genuine issue of material fact exists. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115.
 {¶ 21} Relator has no claim here under Layne, supra. Accordingly, there is no genuine issue of material fact and respondent is entitled to judgment as a matter of law as to relator's claim under Layne.
 {¶ 22} As previously noted, relator also claims that OAPA's application of the new parole guidelines violates the constitutional ban against ex post facto laws. This issue has already been decided. Application of the new parole guidelines to relator does not constitute ex post facto imposition of punishment. State ex rel. Bealler v. Ohio Adult Parole Auth.
(2001), 91 Ohio St.3d 36. Accordingly, relator's ex post facto claim fails to state a claim upon which relief in mandamus can be granted.
 {¶ 23} Accordingly, for all the above reasons, it is the magistrate's decision that this court grant respondent's motion for summary judgment and that this action be dismissed.