OPINION
{¶ 1} James E. Shorter, Jr. appeals from the trial court's order denying his motion to withdraw an "Alford" plea to murder which he made on March 5, 1986.
 {¶ 2} The history leading up to Shorter's motion is set out in the State's brief and is as follows:
 {¶ 3} On January 30, 1986 Shorter was charged by indictment with murder and a firearm specification. On March 5, 1986, he entered an Alford plea of guilty to the murder charge in exchange for dismissal of the firearm specification. The State also agreed not to charge him with certain drug offenses under investigation. Shorter was sentenced to 15 years to life imprisonment and he filed a direct appeal claiming that his plea was involuntary because he understood neither the nature of the plea nor its consequences. We rejected his argument and affirmed his conviction, noting that the record showed substantial compliance with Crim.R. 11(C)(2). State v. Shorter (June 5, 1987), Montgomery App. No. 9873.
 {¶ 4} Four years later this Court affirmed the trial court's summary denial of post-conviction relief, which, like the direct appeal, depended in part upon appellant's assertion that his plea was involuntary. State v. Shorter (Oct. 18, 1991), Montgomery App. No. 12292. On September 17, 1996, appellant filed a second post-conviction relief petition in which he claimed that his trial counsel had rendered ineffective assistance, in part, because counsel coerced him into entering the Alford plea. Again, the trial court summarily denied his petition and no appeal was taken from that decision.
 {¶ 5} On December 1, 1997, Shorter moved to withdraw his plea claiming, yet again, that his plea was involuntary. This Court affirmed the trial court's denial of that motion in State v.Shorter (Oct. 2, 1998), Montgomery App. No. 16983. Shorter requested judicial release on May 13, 2002, which was overruled on May 30, 2002.
 {¶ 6} The current appeal stems from a second motion to withdraw the guilty plea filed by Shorter on May 20, 2003. In that motion, he claimed that the Adult Parole Authority breached the plea agreement he entered into with the State by retroactively applying its 1998 guidelines to calculate his expected release date. Shorter contended in his motion that the Parole Authority had changed his "eligibility" for parole from 10 years to 180-240 month (15 year — 20 years) with the top end being recommended by the Authority. The State filed a written response in opposition to the motion to withdraw the plea. The State's response included an affidavit from Richard Spence, Chief of Quality Assurance for the parole board, that stated, among other things, that the board's application of its guidelines in Shorter's case complied with Layne v. Ohio Adult ParoleAuthority, 97 Ohio St.3d 456, 2002-Ohio-6719, 780 N.E.2d 548. Spence further stated in his affidavit that Shorter was last seen by a Hearing Panel of the Parole Board on July 13, 2001 at the Madison Correctional Institution. He was categorized as a Category Eleven (11) based on his conviction for Murder. His Criminal History/Risk Score was determined to be zero (0). The corresponding Guideline Range for these values is 180-240 months. The Board determined the inmate should serve 240 months since the inmate shot the victim because the victim could not repay a $3.00 loan. The Board gave the inmate twelve (12) months credit for Outstanding Program Achievement, which resulted in an adjusted total time to be served of 228 months. Since the inmate had served 186 months at the time of the hearing, he was given a continuance to January 2005.
 {¶ 7} Without holding a hearing, the trial court issued a Decision and Entry on August 19, 2003 denying Shorter's motion. In its decision overruling Shorter's motion the trial court determined that the parole board had properly recognized appellant's eligibility for parole, and, therefore, had not breached the plea agreement between Shorter and the State. Referring to former R.C. 2967.13(A), the trial court noted the earliest date that Shorter could have been eligible for parole was October 1996. From the information Shorter provided in support of his motion, the trial court concluded that he received his first parole hearing in July of 1996, a few months in advance of his official eligibility. (Id.) Crediting Mr. Spence's affidavit, the trial court found that the parole board complied with Layne, supra, during appellant's second parole evaluation in 2001. (Spence Affidavit, ¶ 6). Thereafter, Shorter filed a timely notice of appeal on September 16, 2003. In his appellate brief, appellant asserts four assignments of error, all contending that the trial court abused its discretion by denying his motion without a hearing.
 {¶ 8} In his first assignment, Shorter contends the trial court erred in denying his motion to withdraw his plea without a hearing when there were material facts in dispute whether his "plea contract" had been breached by the Ohio Adult Parole changing his parole eligibility from ten years to twenty years.
 {¶ 9} In his second, third, and fourth assignments, Shorter argues that the trial court abused its discretion in denying him a hearing on his motion because there were material issues of fact that his plea contract was made "illusory" by the later actions of the Parole Authority, that his plea contract was illegally modified by the later actions of the Parole Authority, and that the trial court erred in determining that there are no contractual rights in criminal plea agreements.
 {¶ 10} A defendant filing a post-sentence motion to withdraw a guilty plea has the burden of establishing manifest injustice.State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. "The motion is `addressed to the sound discretion' of the trial court." Smith, at paragraph two of the syllabus. Pursuant to Crim. R. 32.1, the trial court does not have to hold a hearing on a post-sentence motion to withdraw if the facts `alleged by the defendant and accepted as true by the trial court would not require the court to permit a guilty plea to be withdrawn.'" State v. Blatnik (1984), 17 Ohio App.3d 201.
 {¶ 11} The State argues that absent some evidence of a specific agreement regarding parole guidelines, Shorter had no contractual right to have the parole guidelines in effect at the time of his sentencing used during his parole evaluations. In support of this argument, the State refers us to a number of cases decided by the Tenth District Court of Appeals.
 {¶ 12} In one case, the court held that an offender's "unilateral expectation that he would be released early on parole pursuant to the parole guidelines in effect at the time of sentencing is insufficient to establish a term of plea bargain agreement or to contravene the authority and discretion accorded the OAPA in deciding when to grant parole." Wright v. Ghee,
Franklin App. No. 01AP-1459, 2002-Ohio-5487, at ¶ 30, citingWalker v. Ghee (Jan. 29, 2002), Franklin App. No. 01AP-960.
 {¶ 13} In another case, the same court stated, "[A]n inmate has no contractual right to have the parole guidelines in effect at the time of his sentencing apply at the time he was considered for parole, and he has no right to be released on parole prior to the expiration of his maximum sentence." Wright, at ¶ 31, citing Budd v. Kinkela, Franklin App. No. 01AP-1478, 2002-Ohio-4311. Finally, the court of appeals explained inWright, supra: "By entering his plea agreement, [Wright] did not bind the OAPA in its ability to develop guidelines for helping it make parole decisions, nor did he prevent the OAPA from considering the actual facts of his crime * * * for the purpose of determining when he can safely be returned to society." Wright, at ¶ 34, citation omitted.
 {¶ 14} Shorter's claim that the parole board's retroactive use of its 1998 parole guidelines constituted a breach of his plea agreement is incorrect. R.C. 2967.13 provides that a prisoner serving a sentence for a felony for which an indefinite term of imprisonment is imposed becomes "eligible" for parole at the expiration of his minimum term. The parole board adhered to the statutory requirement by providing Shorter his first parole consideration in 1996, ten years after his conviction. Appellant's eligibility for parole was not changed by the 1998 guidelines. There was also no evidence presented by Shorter to refute Spence's affidavit stating that Shorter was considered for parole based upon the offense for which he was convicted. Also he offered no evidence that his guilty plea was based upon an express representation by the State that parole guidelines would remain the same throughout the period of his incarceration.
 {¶ 15} It is firmly established that a prisoner has no right to rely on parole guidelines in effect prior to his parole hearing date, and thus application of amended parole guidelines does not violate ex post facto prohibitions. State ex rel.Bealler v. Adult Parole Auth. (2001), 91 Ohio St.3d 36.
 {¶ 16} Accordingly, the appellant's assignments of error are all overruled. The judgment of the trial court is affirmed.
Wolff, J., and Young, J., concur.