[Cite as *Bell v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-4336.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

REAMER BELL

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2003-01121

Judge Clark B. Weaver Sr.
Magistrate Steven A. Larson

<u>DECISION</u>

{¶ 1}  This case is sua sponte assigned to Judge Clark B. Weaver Sr. to conduct all proceedings necessary for decision in this matter.

{¶ 2}  Plaintiff filed this action alleging a claim of false imprisonment.  On November 25, 2009, the magistrate issued a decision recommending judgment for defendant.

{¶ 3}  Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)."

{¶ 4}  On February 11, 2010, after obtaining two extensions of time, plaintiff filed his objections and an affidavit of indigency. On March 19, 2010, after being granted an additional extension of time, plaintiff filed supplemental objections and an affidavit of evidence pursuant to Civ.R. 53(3)(b)(iii).

{¶ 5} Plaintiff's claim of false imprisonment was based upon two theories: 1) that defendant miscalculated his release date by failing to properly apply his jail-time and good-time credit; and 2) that procedural errors were made with regard to his parole which caused him to be unjustly declared a parole violator, or that unjustly caused his parole to be revoked and, thus, caused his sentence to be improperly extended.

{¶ 6} Plaintiff was first incarcerated in 1992. He had been indicted, pled guilty, and was sentenced under two case numbers. In Case No. B91-3347, plaintiff was sentenced to a definite term of six months with 197 days of jail-time credit. In Case No. B91-7461, he was sentenced to an indefinite term of 2 to 10 years with 144 days of jail-time credit. The terms were to be served concurrently. By the time that plaintiff reached the institution, his 180-day definite sentence had expired. He has contended that the 197 days credit that he received in that case should also have been applied to his indefinite sentence inasmuch as the sentences were to run concurrent. He has further asserted that, at a minimum, the 17-day difference between the 180-day definite sentence and the 197 days credit granted in that case should have been applied to the indefinite term. Plaintiff has also contended that, based upon former R.C. 2967.19, he was eligible for a 30 percent reduction of his maximum indefinite sentence for "good time."

{¶ 7} With regard to his claims of improper extension of his sentence, plaintiff was furloughed, then paroled three times, but each time his parole was revoked. He has alleged a number of procedural irregularities on the part of the Adult Parole Authority (APA) in connection with its proceedings. Plaintiff contends that defendant, the Ohio Department of Rehabilitation and Correction (DRC), erred in relying upon the APA's proceedings and documentation when recalculating his release dates on the basis of "lost time" that he was sanctioned with when he absconded from parole. Plaintiff was originally eligible for release on October 21, 2001, the date of expiration of his indefinite sentence in Case No. B91-7461, less his jail-time credit. However, that date was repeatedly extended as a result of lost time and plaintiff was ultimately released on June 13, 2002; he contends that he should have been released no later than October 22, 1998.

{¶ 8} The magistrate recommended that plaintiff's claims of irregularities in the

parole board proceedings and any alleged constitutional rights violations be dismissed, and that judgment be granted in favor of defendant on the claim of false imprisonment.

{¶ 9} In his first objection, plaintiff asserts that the delay in issuance of the magistrate's decision made it impossible for him, as an indigent, to prepare an affidavit of evidence. Nonetheless, plaintiff did submit a detailed, well-prepared, sworn affidavit which the court has accepted as a substitute for a transcript. Moreover, the bulk of the evidence in the case consists of the parties' exhibits, which chronicle plaintiff's criminal history. Plaintiff's first objection is therefore OVERRULED.

{¶ 10} Plaintiff's second and seventh objections concern the magistrate's determination that defendant properly applied both the jail-time credit on plaintiff's concurrent sentences and the good-time credit on his minimum indefinite sentence.

{¶ 11} In his second objection, plaintiff asserts that the magistrate erred in failing to consider the determination in *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, with respect to jail-time credit. In *Fugate*, the Supreme Court of Ohio held that a sentencing court must award the jail-time credit associated with any one sentence to all other concurrent sentences. Id. at the syllabus. It is well-settled that the responsibility for determining the amount of jail-time credit to which a criminal defendant is entitled rests exclusively with the sentencing court. *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, ¶7; *State v. Mills*, Franklin App. No. 09AP-198, 2009-Ohio-6273, ¶7. Although defendant has a duty under R.C. 2967.191 to apply jail-time credit to an inmate's sentence, it may apply only the amount of credit that the sentencing court determines that the inmate is entitled to receive. Id. Defendant has no duty "to determine whether the sentencing court accurately specified the amount of jail-time credit in its sentencing entry." *Trice v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 07AP-828, 2008-Ohio-1371, ¶22.

{¶ 12} The magistrate noted that there was no evidence that any of the sentencing orders or APA documents relied upon by defendant were invalid. With respect to the 17 days of unused credit that were not applied to plaintiff's indefinite sentence, plaintiff has pointed to no authority that supports application of jail-time credit in such manner. Accordingly, plaintiff's second objection is OVERRULED.

{¶ 13} In his seventh objection, plaintiff contends that the magistrate failed to recognize that former R.C. 2967.19,[1] provided for a 30 percent reduction of a sentence for good time. Plaintiff takes issue with the application of good-time credit only to his minimum indefinite sentence (the period of time before he was eligible to appear before the Adult Parole Authority), and not to the reduction of his maximum sentence. The basis for the objection is that plaintiff disagrees with the interpretation of the law that allowed such a practice. However, the magistrate's determination was supported by numerous cases in which the Supreme Court of Ohio upheld application of good-time credit in that manner. See, e.g., *State ex rel. Lanham v. State Adult Parole Authority*, 80 Ohio St.3d 425, 427, 1997-Ohio-104, *State ex rel. Bealler v. Ohio Adult Parole Authority*, 91 Ohio St.3d 36, 2001-Ohio-231. (Former R.C. 2967.19 does not reduce the maximum term of an indeterminate sentence.) Plaintiff has cited no legal authority that supports his position other than violations of constitutional rights to equal protection and due process which this court is without jurisdiction to determine. See *Burkey v. Southern Ohio Correctional Facility* (1988), 38 Ohio App.3d 170; *White v. Chillicothe Correctional Institution* (Dec. 29, 1992), Franklin App. No. 92AP-1230. Therefore, plaintiff's seventh objection is OVERRULED.

{¶ 14} The remainder of plaintiff's objections relate to the magistrate's determination concerning the alleged improper extension of plaintiff's sentence due to defendant's reliance upon APA proceedings and documentation.

{¶ 15} In his third, fourth, sixth, and tenth objections, plaintiff contends that the magistrate erred in rejecting his claims that the APA failed to provide him with notice and timely revocation hearings and that, as a result, the APA both improperly declared him to be a parole violator and sanctioned him with lost time. In his ninth objection, plaintiff asserts that the APA improperly considered offenses for which he was not convicted.

{¶ 16} The magistrate held, in part, that this court is without jurisdiction to review allegations of unjust or erroneous parole board determinations inasmuch as APA

---

[1]R.C. 2967.19 was repealed in 1996. The statute provided in pertinent part: "(A) Except as provided in division (F) of this section, a person confined in a state penal or reformatory institution is entitled to a deduction *from his minimum* or definite sentence of thirty percent of the sentence, prorated for each month of the sentence during which he faithfully has observed the rules of the institution." (Emphasis added.)

decisions constitute governmental functions for which the state is immune from liability. In reaching that determination, the magistrate relied upon well-settled case law such as *Reynolds v. State* (1984), 14 Ohio St.3d 68; *State ex rel. Blake v. Shoemaker* (1983), 4 Ohio St.3d 42; and *Ross v. Shoemaker* (1981), 3 Ohio App.3d 31. The magistrate relied upon *Burkey* and *White*, supra, in holding that, to the extent that plaintiff intended to assert constitutional claims, this court also lacks jurisdiction. On those grounds, it was recommended that plaintiff's claims of irregularities in parole board proceedings and violations of his constitutional rights be dismissed.

{¶ 17} The magistrate further held that, to the extent that plaintiff's release date was otherwise improperly extended based upon defendant's application of lost time as determined by the APA, he had extensively reviewed the parties' exhibits and found that defendant at all times relied upon valid sentencing orders and APA documentation. Thus, the magistrate concluded that defendant was statutorily required to confine plaintiff until his term of imprisonment expired.

{¶ 18} Plaintiff has provided no legal authority to refute the state's immunity or this court's lack of jurisdiction to review APA proceedings. Rather, plaintiff relies upon constitutional due process arguments. Plaintiff also does not refute the court's lack of jurisdiction over constitutional issues. In short, plaintiff simply ignores the jurisdictional issues and instead reiterates the same arguments that were presented in his post-trial brief to the magistrate. It has consistently been held that, "although the state may be liable for false imprisonment, it retains immunity under common law for claims of false imprisonment when the plaintiff was incarcerated pursuant to a facially valid judgment or order." *Williams v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 09AP-77, 2009-Ohio-3958, ¶12 citing *Bradley v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 07AP-506, 2007-Ohio-7150 ¶11. Therefore, plaintiff's third, fourth, sixth, ninth, and tenth objections are OVERRULED.

{¶ 19} In his fifth objection, plaintiff argues that the magistrate mischaracterized his claims of APA procedural irregularities as being constitutional in nature. The court finds that the magistrate attempted to fairly adjudicate plaintiff's claims in any manner in which they could be characterized. As such, the court finds nothing improper in the

magistrate's ruling on any potential constitutional claims. Plaintiff's fifth objection is therefore OVERRULED.

{¶ 20} In his eighth objection, plaintiff contends that the magistrate erred in refusing to admit Exhibits 10, 11, and 12, which he argues were relevant to his being declared a parole violator at large and the subsequent revocations of his parole. In light of the above-determinations, the court finds this objection to be without merit. However, to the extent that the objection concerns the alleged improper exclusion of evidence, the issue warrants review. Exhibits 10 and 11 are documents concerning incarceration and parole of individuals other than plaintiff, and Exhibit 12 is a "Legal Information Packet" published by the Ohio Public Defender's office. In his affidavit of evidence, plaintiff states that all of the exhibits offered by defendant were admitted into evidence whereas these three of his exhibits were not. The evidence before the court is insufficient to determine whether plaintiff objected to exclusion of the evidence at trial, the basis of any objections, defendant's arguments to the contrary, or the magistrate's opinion, if expressed, regarding his ruling. Notwithstanding, upon review of the documents, the court finds that the admission of Exhibits 10, 11, and 12 could not have in any way changed the outcome of the case. Accordingly, plaintiff's eighth objection is OVERRULED.

{¶ 21} Having overruled each of plaintiff's objections, the court shall adopt the magistrate's decision and recommendation as its own including findings of fact and conclusions of law contained therein. Judgment shall be rendered in favor of defendant.

## Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

REAMER BELL

Plaintiff

v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

Defendant
Case No. 2003-01121

Judge Clark B. Weaver Sr.
Magistrate Steven A. Larson

<u>JUDGMENT ENTRY</u>

For the reasons set forth in the decision filed concurrently herewith, and having overruled each of plaintiff's objections, the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein. Judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Jennifer A. Adair                          Richard F. Swope
Assistant Attorney General                 6480 East Main Street, Suite 102
150 East Gay Street, 18th Floor            Reynoldsburg, Ohio 43068
Columbus, Ohio 43215-3130

LH/cmd
Filed September 2, 2010
To S.C. reporter September 14, 2010