[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 275.]

THE STATE EX REL. HAWKINS *v.* PICKAWAY COUNTY BOARD OF ELECTIONS ET AL.

[Cite as *State ex rel. Hawkins v. Pickaway Cty. Bd. of Elections*, 1996-Ohio-221.]

*Mandamus to compel Pickaway County Board of Elections to certify relator as the Republican Party candidate for Pickaway County Sheriff and to place his name on the March 19 ballot—Writ granted, when.*

(No. 96-351—Submitted and decided February 27, 1996—Opinion announced March 6, 1996.)

IN MANDAMUS.

———————————

{¶ 1} On January 19, 1996, relator, Alan Hawkins, filed a declaration of candidacy and petition papers to be a candidate for the Republican Party nomination to the office of Pickaway County Sheriff at the March 19, 1996 primary election. Hawkins would be the only Republican candidate for sheriff. David Kohli and James Evans filed timely written protests against Hawkins's candidacy under R.C. 3513.05. The protestors contended that Hawkins did not meet either the R.C. 311.01(B)(2) residence or R.C. 311.01(B)(9) supervisory experience requirement to be an eligible candidate for sheriff.

{¶ 2} On February 8, respondents Pickaway County Board of Elections ("board") and its members held a hearing on the protest. As to the issue of supervisory experience, Hawkins introduced evidence on his positions held and duties performed over the past several years:

1. January 1984-May 1985: Patrolman for Circleville Police Department. Hawkins served as senior officer and acting supervisor on his shift whenever the

sergeant and lieutenant were unavailable.  Hawkins also oversaw a litter prevention program.

2.  June 1985-August 1985:  Pickaway County Deputy Sheriff.  Hawkins supervised an auxiliary officer and trustees when assigned to the county jail.

3.  January 1989-March 1990:  Franklin County Deputy Sheriff.  Hawkins supervised the weight enforcement program when his immediate supervisor was absent.   During the same period, Hawkins served as the officer in charge when he worked special duty at the Greenbriar East Apartments.

4.  March 1990-July 1990:  Franklin County Deputy Sheriff.  Hawkins supervised trustees while assigned to the corrections division of the main jail.

5.  September 1990-April 1994:  Pickaway County Deputy Sheriff.  Hawkins served as senior officer on his shift and was in charge when no other ranking officer was assigned to his patrol shift.

6.  October 1995-present:  Ohio Department of Administrative Services, Security Supervisor.  Hawkins supervises security officers and has related administrative and payroll duties.

{¶ 3} At the conclusion of the hearing, the board determined that Hawkins satisfied the R.C. 311.01(B)(2) residency requirement.  Nevertheless, the board declined to certify his name as a candidate for sheriff based on its determination that Hawkins did not possess the supervisory experience required by R.C. 311.01(B)(9).  Shortly following the board's decision, Hawkins commenced this action for a writ of mandamus to compel the board to certify Hawkins as the Republican Party candidate for Pickaway County Sheriff and to place his name on the March 19 ballot.  The parties have filed an agreed record.  The board has filed an answer, and the Secretary of State, also named as a respondent, has filed a motion to dismiss.  Buckeye State Sheriffs Association has filed a motion for leave to file an *amicus curiae* memorandum contra the mandamus action.  Buckeye's motion

2

for leave to file an *amicus curiae* memorandum is granted.  Cf. S.Ct.Prac.R. X(8) and VI(5) (allowing for *amicus* merit briefs without leave of court).

_____

*James R. Kingsley*, for relator.

*P. Eugene Long, II*,  Pickaway County Prosecuting Attorney, for respondent board of elections and its members.

*Betty D. Montgomery*, Attorney General, and *Timothy G. Warner*, Assistant Attorney General, for respondent Secretary of State.

*Reid, Berry & Stanard* and *Robert L. Berry*, urging denial of writ for *amicus curiae*.

_____

***Per Curiam.***

**{¶ 4}** We must determine whether dismissal, an alternative writ, or a peremptory writ is appropriate.  S.Ct.Prac.R. X(5).  A decision of a board of elections will be set aside and a writ of mandamus will issue to compel placement of Hawkins's name on the March 19 ballot if the board engaged in fraud, corruption, abuse of discretion or clear disregard of statutes or applicable legal provisions. *State ex rel. Rife v. Franklin Cty. Bd. of Elections* (1994), 70 Ohio St.3d 632, 633-634, 640 N.E.2d 522, 523-524.  Hawkins asserts that the board abused its discretion and acted in clear disregard of R.C. 311.01 in determining that he was not eligible to be a candidate for sheriff.

**{¶ 5}** The board determined that Hawkins did not satisfy R.C. 311.01(B), which provides:

"On and after January 1, 1988, except as otherwise provided in this section, no person is eligible to be a candidate for sheriff and no person shall be elected or appointed to the office of sheriff unless that person meets all of the following requirements:

"***

"(9) Has at least five years of full-time law enforcement experience in which the duties were related to the enforcement of statutes, ordinances, or codes and *has at least two years of supervisory experience or its equivalent* \*\*\*." (Emphasis added.)

{¶ 6} The paramount consideration in construing a statute is legislative intent. *State ex rel. Zonders v. Delaware Cty. Bd. of Elections* (1994), 69 Ohio St.3d 5, 8, 630 N.E.2d 313, 315. In determining legislative intent, courts review the statute's language and the purpose to the accomplished. *State ex rel. Herman v. Klopfleisch* (1995), 72 Ohio St.3d 581, 584, 651 N.E.2d 995, 997.

{¶ 7} At issue here is the R.C. 311.01(B)(9) requirement that candidates for sheriff have "at least two years supervisory experience or its equivalent." Words used in a statute must be accorded their usual, normal or customary meaning. *Id.*, 72 Ohio St.3d at 584, 651 N.E.2d at 998. "Supervisor" is defined "[i]n a broad sense, [as] one having authority over others, to superintend and direct." Black's Law Dictionary (6 Ed.1990) 1438. "Experience" is a "word implying skill, facility, or practical wisdom gained by personal knowledge, feeling, and action, and also the course or process by which one attains knowledge or wisdom." *Id.* at 578.

{¶ 8} In applying these definitions to the case at bar, we are further guided by the precept that courts must liberally construe in favor of the person seeking to hold office R.C. 311.01(B)'s limitation on the right to be an eligible candidate for sheriff, so as not to restrict the right of electors to choose from all qualified candidates. *State ex rel. Altiere v. Trumbull Cty. Bd. of Elections* (1992), 65 Ohio St.3d 164, 165, 612 N.E.2d 613, 614; *State ex rel. Hayburn v. Kiefer* (1993), 68 Ohio St.3d 132, 134, 624 N.E.2d 699, 701.

{¶ 9} The evidence introduced at the hearing indicates that Hawkins directed the actions of others when he was a patrolman, deputy sheriff, and security supervisor. Several of Hawkins's co-workers stated in affidavits that he performed supervisory duties at his various jobs. Conversely, the protestors relied on evidence

which suggested that Hawkins never held a rank or position denoting that he was a supervisor when he was a patrolman and deputy sheriff.

{¶ 10} However, the mere fact that Hawkins failed to hold a "rank" specifying supervisor status did not preclude him from performing duties which constituted supervisory experience or its equivalent when he was a patrolman and deputy sheriff. Hawkins directed the actions of inmate trustees, auxiliary police officers, and, on occasion, other police officers, although his jobs as patrolman and deputy sheriff were not supervisory based solely on his position or rank. R.C. 311.01(B)(9) also does not require that Hawkins's two years of supervisory experience or its equivalent be full-time. If the General Assembly had intended that the supervisory experience requirement be full-time, it would have so specified as it did for R.C. 311.01(B)(9)'s "five years of full-time law enforcement experience" requirement. See *State ex rel. Kelly v. Cuyahoga Cty. Bd. of Elections* (1994), 70 Ohio St.3d 413, 639 N.E.2d 78.

{¶ 11} In that Hawkins met the R.C. 311.01(B)(9) "two years of supervisory experience or its equivalent" requirement, the board abused its discretion and clearly disregarded R.C. 311.01(B)(9) in sustaining the protests. Contrary to the view of Buckeye State Sheriffs Association, there was no "compelling evidence" that successfully rebutted the evidence introduced by Hawkins. Hawkins possesses no adequate remedy in the ordinary course of law to rectify the board's action. He is entitled to a writ of mandamus to compel the board to certify his candidacy for the Republican Party nomination for Pickaway County Sheriff and placement on the March 19 primary election ballot.

{¶ 12} Based on the foregoing, it is unnecessary to resolve Hawkins's alternative claim that the R.C. 311.01(B) requirements for candidates for sheriff are unconstitutional. See *State ex rel. Fenley v. Kyger* (1995), 72 Ohio St.3d 164, 166-167, 648 N.E.2d 493, 495. In that the Secretary of State was only named as a

respondent as to the constitutional claim, his motion to dismiss the claim against him is granted.

{¶ 13} Accordingly, we grant a writ of mandamus compelling the board to place Hawkins's name on the March 19 primary election ballot for the office of Sheriff of Pickaway County.

*Writ granted in part and cause dismissed in part.*

MOYER, C.J., DOUGLAS, WRIGHT, F.E. SWEENEY and PFEIFER, JJ., concur.

RESNICK and COOK, JJ., dissent.

_____

**COOK, J., dissenting.**

{¶ 14} I respectfully dissent. I construe the two requirements in R.C. 311.01(B)(9) (at least five years of full-time law enforcement experience *and* two years of supervisory experience or its equivalent) to reflect the legislative intent that the candidate have full-time experience supervising law enforcement officers, as will be required of a sheriff, if elected. Relator's evidence did not meet the requirements and thus, the board acted properly in declining to certify his candidacy.

RESNICK, J., concurs in the foregoing dissenting opinion.

_____