THE STATE EX REL. BRANTLEY, APPELLANT, *v.* GHEE ET AL., APPELLEES.

[Cite as *State ex rel. Brantley v. Ghee* (1998), 83 Ohio St.3d 521.]

(No. 97–2237—Submitted September 15, 1998—Decided November 10, 1998.)

*Gregory Brantley, pro se.*

---

**Per Curiam.** Brantley asserts that the court of appeals erred in denying the writ of mandamus. For the following reasons, however, Brantley's contentions lack merit.

As the court of appeals correctly held, at the time Brantley filed his motion, neither former Ohio Adm.Code 5120:1–1–17 nor Ohio Adm.Code 5120:1–1–31 required the APA to cancel the detainer. Former Ohio Adm.Code 5120:1–1–17, as cited by Brantley, did not impose any duty to cancel detainers. Ohio Adm.Code 5120:1–1–31(E) authorizes the APA to choose to initiate revocation proceedings in lieu of canceling a detainer. Brantley conceded in his motion that he was ultimately convicted of the new criminal charges that were the basis for the detainer. The APA has no legal duty to hold a final parole revocation hearing for Brantley during the time he is incarcerated on new criminal charges. *State ex rel. Taylor v. Ohio Adult Parole Auth.* (1993), 66 Ohio St.3d 121, 609 N.E.2d 546.

In addition, original actions for extraordinary relief like a writ of mandamus must be commenced by filing a complaint or petition rather than a motion. *State ex rel. Simms v. Sutula* (1998), 81 Ohio St.3d 110, 111, 689 N.E.2d 564; *Myles v. Wyatt* (1991), 62 Ohio St.3d 191, 580 N.E.2d 1080, 1081. Brantley erroneously filed a motion rather than a complaint or petition.

Finally, contrary to Brantley's claims, no additional discovery was necessary for the court of appeals to resolve appellees' motion for judgment on the pleadings. See *State ex rel. Findlay Publishing Co. v. Hancock Cty. Bd. of Commrs.* (1997), 80 Ohio St.3d 134, 136, 684 N.E.2d 1222, 1224 ("In order to be entitled to dismissal under Civ.R. 12[C], it must appear beyond doubt that relator can prove no set of facts warranting the requested relief, after construing all

material factual allegations *in the complaint* and all reasonable inferences therefrom in relator's favor." [Emphasis added.] ).

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.