[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 182.]

THE STATE EX REL. WOLFE *v.* DELAWARE COUNTY BOARD OF ELECTIONS ET AL.

[Cite as *State ex rel. Wolfe v. Delaware Cty. Bd. of Elections*, 2000-Ohio-294.]

*Elections—Candidacy for county sheriff invalidated by board of elections—Candidate did not have credentials required by R.C. 311.01(B)(9)—Board did not abuse its discretion—Writ denied.*

(No. 00-139—Submitted February 14, 2000—Decided February 18, 2000.)

IN MANDAMUS.

_____

{¶ 1} In mid-October 1995, while serving as a full-time deputy sheriff for the Delaware County Sheriff's Office, relator, Mark W. Wolfe, assumed the duties of an officer in charge during certain shifts. Wolfe continued in this capacity while retaining the rank of deputy sheriff until he was promoted to sergeant on January 1, 1996.

{¶ 2} From January 1, 1996 until October 1, 1997, *i.e.*, a total of twenty-one months, Wolfe served as a sergeant with the Delaware County Sheriff's Office and performed supervisory duties associated with that position.

{¶ 3} On September 2, 1998, then village of Kirkersville Mayor Terry W. Ashcraft appointed Wolfe as an auxiliary police officer for the Kirkersville Police Department. According to Wolfe, he worked as a sergeant in Kirkersville for three eight-hour shifts in September and October 1998, during which time no other Kirkersville police officer was working. Wolfe claimed that he then took a leave of absence from the job until he submitted his resignation in August 1999.

{¶ 4} Wolfe subsequently filed a declaration of candidacy and petition to become a candidate for the Republican Party nomination for the office of Delaware County Sheriff on the March 7, 2000 primary election ballot. On January 10, 2000,

incumbent Delaware County Sheriff Alfred K. Myers, Wolfe's prospective opponent in the March 7 primary, filed a written protest under R.C. 3513.05 with respondent Delaware County Board of Elections. In his protest, Myers stated that Wolfe was not eligible to be a candidate for sheriff because he did not meet either of the required qualifications set forth in R.C. 311.01(B)(9).

{¶ 5} On January 18, the board held a hearing on Sheriff Myers's protest. At the hearing, the parties introduced conflicting evidence on Wolfe's duties during his mid-October 1995 through December 31, 1996 employment as a deputy sheriff with the Delaware County Sheriff's Office. For example, Wolfe testified on his redirect examination that he performed the same duties as shift supervisor during this period that he subsequently performed as a sergeant from January 1, 1996 to October 1, 1997. But upon further questioning by the board, Wolfe conceded that he "was not at the rank of sergeant nor did [he] perform the sergeant's duties" from October through December 1995.

{¶ 6} The parties also introduced conflicting evidence concerning Wolfe's employment with the Kirkersville Police Department. Wolfe and Michael Kilburn, the Kirkersville Police Chief from November 1997 until his resignation in early September 1998, testified that on September 2, 1998, Wolfe was appointed sergeant with the Kirkersville Police Department. Kilburn further testified, however, that Wolfe was appointed by then Mayor Ashcraft upon Kilburn's recommendation and that the mayor's appointment did not designate Wolfe as a sergeant. Ashcraft testified that he never appointed Wolfe as sergeant. And Kilburn's successors as police chief testified that Wolfe never served as a sergeant on the Kirkersville Police Department and that they had no records, *i.e.*, time sheets or work logs, of any service by Wolfe as a police officer for the department.

{¶ 7} On January 18, at the conclusion of the hearing, the board voted unanimously to grant Sheriff Myers's protest and to invalidate Wolfe's candidacy for sheriff at the March 7 primary election.

**{¶ 8}** On January 24, Wolfe filed this expedited election action for a writ of mandamus to compel respondents, the board, its director, chairman, and members, to certify his candidacy for Delaware County Sheriff for the March 7 primary election ballot. Respondents filed an answer, and the parties filed evidence and briefs.

**{¶ 9}** This cause is now before the court for a consideration of the merits.

_____

*David K. Greer*, for relator.

*W. Duncan Whitney*, Delaware County Prosecuting Attorney, *Dane A. Gaschen* and *David A. Hejmanowski*, Assistant Prosecuting Attorneys, for respondents.

*Reid & Berry* and *Robert L. Berry*, urging denial of the writ for *amicus curiae*, Buckeye State Sheriffs Association.

_____

***Per Curiam.***

**{¶ 10}** Wolfe requests a writ of mandamus. The board's decision to uphold Sheriff Myers's protest will be set aside and a writ of mandamus will issue to compel placement of Wolfe's name on the March 7 primary election ballot for the office of Delaware County Sheriff if the board engaged in fraud, corruption, abuse of discretion, or clear disregard of applicable legal provisions. *State ex rel. Hazel v. Cuyahoga Cty. Bd. of Elections* (1997), 80 Ohio St.3d 165, 167, 685 N.E.2d 224, 226. Wolfe asserts that the board abused its discretion and acted in clear disregard of R.C. 311.01 by determining that he was not eligible to be a candidate for sheriff.

**{¶ 11}** The board determined that Wolfe did not establish compliance with R.C. 311.01(B), which provides:

"On and after January 1, 1988, except as otherwise provided in this section, *no person is eligible to be a candidate for sheriff* and no person shall be elected or

appointed to the office of sheriff *unless that person meets all of the following requirements*:

" * * *

"(9) *The person meets at least one of the following conditions:*

"(a) *Has at least two years of supervisory experience as a peace officer at the rank of corporal or above*, or has been appointed pursuant to section 5503.01 of the Revised Code and served at the rank of sergeant or above, *in the five-year period ending immediately prior to the qualification date*;

"(b) Has completed satisfactorily at least two years of post-secondary education or the equivalent in semester or quarter hours in a college or university authorized to confer degrees by the Ohio board of regents or the comparable agency of another state in which the college or university is located." (Emphasis added.)

{¶ 12} Wolfe never claimed that he had been appointed under R.C. 5503.01, which involves highway patrol employees, or that he has the post-secondary education specified in R.C. 311.01(B)(9)(b). Therefore, in order to satisfy R.C. 311.01(B)(9), he had to have "at least two years of supervisory experience as a peace officer at the rank of corporal or above * * * in the five-year period ending immediately prior to the qualification date." The pertinent five-year period here is January 7, 1995 to January 6, 2000. See R.C. 311.01(H)(1); R.C. 3513.05.

{¶ 13} Legislative intent is the preeminent consideration in construing a statute. *State ex rel. Zonders v. Delaware Cty. Bd. of Elections* (1994), 69 Ohio St.3d 5, 8, 630 N.E.2d 313, 315. To determine the legislative intent, we first review the statutory language. *State ex rel. Sinay v. Sodders* (1997), 80 Ohio St.3d 224, 227, 685 N.E.2d 754, 758. In reviewing the statutory language, we accord the words used their usual, normal, or customary meaning. R.C. 1.42; *State ex rel. Purdy v. Clermont Cty. Bd. of Elections* (1997), 77 Ohio St.3d 338, 340, 673 N.E.2d 1351, 1353.

{¶ 14} Under the language used in the pertinent portion of R.C. 311.01(B)(9)(a), in order to be eligible to be a candidate for sheriff, the person must, within the five-year period, have two years of supervisory experience and that supervisory experience must have been earned when the person served as a peace officer at the rank of corporal or above.

{¶ 15} Applying R.C. 311.01(B)(9)(a) here, we find it is uncontroverted that Wolfe has twenty-one months of qualifying supervisory experience when he served as a sergeant in the Delaware County Sheriff's Office from January 1, 1996 to October 1, 1997, *i.e.*, in that position, Wolfe had supervisory experience earned while serving as a peace officer at a rank higher than corporal.

{¶ 16} Therefore, Wolfe needed three more months of qualifying supervisory experience to satisfy R.C. 311.01(B)(9)(a). Wolfe claims that he is entitled to an additional two and one-half months of qualifying supervisory experience for his service as an acting shift supervisor in the Delaware County Sheriff's Office from mid-October through December 31, 1995, and an additional twelve months of qualifying supervisory experience for his service as a sergeant for the Kirkersville Police Department from September 1998 through his purported resignation in August 1999.

{¶ 17} Wolfe is not, however, entitled to any of the additional claimed supervisory experience. It is uncontroverted that the two and one-half months he served as acting shift supervisor in the sheriff's office were not served at the rank of corporal or above. And the evidence before the board conflicted about whether Wolfe served at the rank of corporal or above when he allegedly worked for the Kirkersville Police Department. Former Mayor Ashcraft testified that he never appointed Wolfe sergeant. While Wolfe claims that the board concluded that he was a sergeant and that he is entitled to at least two months' credit for September and October 1998, a *majority of the board did not* make such finding. We will not substitute our judgment for that of a board of elections if there is conflicting

evidence on an issue. *State ex rel. O'Beirne v. Geauga Cty. Bd. of Elections* (1997), 80 Ohio St.3d 176, 181, 685 N.E.2d 502, 506; *State ex rel. Kelly v. Cuyahoga Cty. Bd. of Elections* (1994), 70 Ohio St.3d 413, 414, 639 N.E.2d 78, 79 ("Boards of elections are obligated to weigh evidence of a candidate's qualifications, and courts should not substitute their judgment for that of the board.").

{¶ 18} Neither Wolfe's reliance on *State ex rel. Hawkins v. Pickaway Cty. Bd. of Elections* (1996), 75 Ohio St.3d 275, 662 N.E.2d 17, nor our duty to liberally construe statutory restrictions on rights to be a political candidate requires a contrary result. In *Hawkins*, we construed a substantially different previous version of R.C. 311.01(B)(9),[1] and held that "the mere fact that Hawkins failed to hold a 'rank' specifying supervisor status did not preclude him from performing duties which constituted supervisory experience or its equivalent when he was a patrolman and deputy sheriff." *Id. a*t 278, 662 N.E.2d at 20. But unlike former R.C. 311.01(B)(9), the current version of R.C. 311.01(B)(9) expressly requires that the supervisory experience be "as a peace officer *at the rank of corporal or above*." (Emphasis added.) *Hawkins* is consequently inapposite.[2]

{¶ 19} Similarly, although we have a duty to liberally construe R.C. 311.01(B)'s limitations on the right to be an eligible candidate for sheriff in order to permit electors to choose from all qualified candidates, see *State ex rel. Altiere v. Trumbull Cty. Bd. of Elections* (1992), 65 Ohio St.3d 164, 165, 602 N.E.2d 613,

---

1. Former R.C. 311.01(B)(9) provided that no person is eligible to be a candidate for sheriff unless that person "has at least two years of supervisory experience or its equivalent." 141 Ohio Laws, Part III, 5506.

2. Even if *Hawkins* applied, the evidence is such that the board would have been justified in determining that Wolfe still did not have the requisite supervisory experience. For example, there was evidence that Wolfe never supervised anyone during the time that he was employed by the Kirkersville Police Department. And Wolfe testified at one point in the protest hearing that he never performed sergeant's duties for the sheriff's office until January 1, 1996. Although Wolfe claims in his reply brief that this portion of his testimony was incorrectly transcribed, he introduced no evidence to that effect.

614, " '[t]here is no need to liberally construe a statute whose meaning is unequivocal and definite.' " *Nibert v. Ohio Dept. of Rehab. & Corr.* (1998), 84 Ohio St.3d 100, 102, 702 N.E.2d 70, 71, quoting *Lake Hosp. Sys., Inc. v. Ohio Ins. Guar. Assn.* (1994), 69 Ohio St.3d 521, 525, 634 N.E.2d 611, 614. Given the clarity of the language of R.C. 311.01(B)(9), we need not apply interpretative rules to discern its meaning; we need only apply its unambiguous language. *Harsco Corp. v. Tracy* (1999), 86 Ohio St.3d 189, 192, 712 N.E.2d 1249, 1251-1252.

{¶ 20} Based on the foregoing, the board neither abused its discretion nor clearly disregarded R.C. 311.01(B)(9) by granting the protest and invalidating Wolfe's candidacy for sheriff. Wolfe failed to satisfy either of the conditions specified in R.C. 311.01(B)(9). Therefore, we deny Wolfe's request for extraordinary relief in mandamus.

*Writ denied.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

PFEIFER, J., dissents.

---

**PFEIFER, J., dissenting.**

{¶ 21} The statute at issue, R.C. 311.01, is overly restrictive without a rational basis. I would find it unconstitutional.

{¶ 22} R.C. 311.01 is denying Ohio citizens a meaningful choice in electing sheriffs. In Ohio's small counties, R.C. 311.01 effectively rules out competition. Active police officers cannot run for sheriff because as classified civil servants they are prohibited from political activity. R.C. 124.57. A sheriff's deputy in an unclassified position could run for office, but an officer running against his boss is not a realistic possibility. Indeed, even the Attorney General of this state, defined by statute as our "chief law officer," R.C. 109.02, would not be qualified to be a county sheriff under R.C. 311.01. See, *e.g.*, R.C. 311.01(B)(8).

{¶ 23} Reasonable, nondiscriminatory restrictions upon voting rights are generally upheld where the state's important regulatory interests justify the restrictions. *Burdick v. Takushi* (1992), 504 U.S. 428, 434, 112 S.Ct. 2059, 2063-2064, 119 L.Ed.2d 245, 253-254.  R.C. 311.01 does not further the regulatory interests of the state.  Stifled competition does not yield better sheriffs.

————————————