OPINION JUDGMENT ENTRY
{¶ 1} On October 29, 2003, appellant, Dennis Carley, filed a candidacy petition for the office of Sheriff of Fairfield County, Ohio, for the November 2004 election. On March 16, 2004, appellee, Carl Tatman, filed a letter of protest, contesting appellant's qualifications for the job, specifically, whether appellant had sufficient supervisory experience as required under R.C. 311.01(B)(9). A hearing before the Fairfield County Board of Elections was held on April 6, 2004. The Board found appellant possessed the required experience and certified him as a candidate for the office of Sheriff.
 {¶ 2} On July 30, 2004, appellee filed a complaint with the Court of Common Pleas of Fairfield County, Ohio, seeking injunctive and declaratory relief. A hearing for a preliminary injunction was held on August 16, 2004. Appellant intervened on August 17, 2004. By judgment entry filed same date, the trial court granted the request for preliminary injunction. A hearing for a permanent injunction was held on August 18, 2004. By judgment entry filed August 19, 2004, the trial court granted the request and enjoined the Board from placing appellant's name on the November 2004 ballot.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The trial court erred as a matter of law when it ruled that dennis carley was not qualified under R.C. § 311.01 to run for the office of fairfield county sheriff."
 I {¶ 5} Appellant claims the trial court erred in finding he does not meet the necessary requirements under R.C. 311.01(B) to be a candidate for Sheriff. We disagree.
 {¶ 6} This matter is before this court on the accelerated docket. The parties have agreed to a shortened briefing schedule, and have provided this court with a joint appendix which contains stipulated facts.
 {¶ 7} The issue presented for this court's limited review is whether appellant meets the specific language of R.C.311.01(B)(9) which states as follows:
 {¶ 8} "(B) Except as otherwise provided in this section, no person is eligible to be a candidate for sheriff, and no person shall be elected or appointed to the office of sheriff, unless that person meets all of the following requirements:
 {¶ 9} "(9) The person meets at least one of the following conditions:
 {¶ 10} "(a) Has at least two years of supervisory experience as a peace officer at the rank of corporal or above, or has been appointed pursuant to section 5503.01 of the Revised Code and served at the rank of sergeant or above, in the five-year period ending immediately prior to the qualification date;
 {¶ 11} "(b) Has completed satisfactorily at least two years of post-secondary education or the equivalent in semester or quarter hours in a college or university authorized to confer degrees by the Ohio board of regents or the comparable agency of another state in which the college or university is located or in a school that holds a certificate of registration issued by the state board of career colleges and schools under Chapter 3332. of the Revised Code."
 {¶ 12} This review is centered on subsection (a) as appellant does not qualify under subsection (b).
 {¶ 13} Generally, statutes in contravention to the common law must be strictly construed. However, in State ex rel. Wolfe v.Delaware Cty. Bd. of Elections, 88 Ohio St.3d 182, 186,2000-Ohio-294, the Supreme Court of Ohio has specifically addressed the construction of the cited section as follows:
 {¶ 14} "Similarly, although we have a duty to liberally construe R.C. 311.01(B)'s limitations on the right to be an eligible candidate for sheriff in order to permit electors to choose from all qualified candidates, see State ex rel. Altierev. Trumbull Cty. Bd. of Elections (1992), 65 Ohio St.3d 164,165, 602 N.E.2d 613, 614, `"[t]here is no need to liberally construe a statute whose meaning is unequivocal and definite."'Nibert v. Ohio Dept. of Rehab. Corr. (1998),84 Ohio St.3d 100, 102, 702 N.E.2d 70, 71, quoting Lake Hosp. Sys., Inc. v.Ohio Ins. Guar. Assn. (1994), 69 Ohio St.3d 521, 525,634 N.E.2d 611, 614. Given the clarity of the language of R.C. 311.01(B)(9), we need not apply interpretative rules to discern its meaning; we need only apply its unambiguous language. Harsco Corp. v. Tracy
(1999), 86 Ohio St.3d 189, 192, 712 N.E.2d 1249, 1251-1252."
 {¶ 15} Appellant argues the use of the language "in the five year period" is less restrictive than stating "within the five year period" and as a result, he is qualified as a candidate since he has had two years of supervisory experience from 1996 to 2000. The pertinent five year period sub judice is March 1, 1999 to March 1, 2004. It is undisputed that appellant's supervisory experience within this time frame consisted of thirteen months and five days. The remainder of appellant's supervisory time was prior to March 1, 1999.
 {¶ 16} We find the facts in this case fall within the authority of Wolfe, supra, at 184:
 {¶ 17} "Under the language used in the pertinent portion of R.C. 311.01(B)(9)(a), in order to be eligible to be a candidate for sheriff, the person must, within the five-year period, have two years of supervisory experience and that supervisory experience must have been earned when the person served as a peace officer at the rank of corporal or above."
 {¶ 18} Based upon the controlling case law as set forth inWolfe, we find the trial court did not err in finding appellant did not qualify as a candidate for the office of Sheriff under R.C. 311.01(B)(9)(a), and did not err in denying the requested relief.
 {¶ 19} The sole assignment of error is denied.
 {¶ 20} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
Farmer, P.J. Edwards, J. and Boggins, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed.