WELLINGTON *v.* MAHONING COUNTY BOARD OF ELECTIONS.

[Cite as *Wellington v. Mahoning Cty. Bd. of Elections,* 117 Ohio St.3d 143, 2008-Ohio-554.]

(No. 2008–0157—Submitted February 7, 2008—Decided February 14, 2008.)

**Per Curiam.**

{¶ 1} This is an expedited election action for a writ of prohibition to prevent respondent, Mahoning County Board of Elections, from placing David P. Aey's name on the ballot as a candidate for the office of Mahoning County Sheriff in the March 4, 2008 Democratic Party primary election. Because the board of elections abused its discretion by clearly disregarding R.C. 311.01(B), we grant the writ.

{¶ 2} On November 21, 2007, David P. Aey filed a declaration of candidacy and petition to become a candidate for the Democratic Party nomination for the office of Mahoning County Sheriff on the March 4, 2008 primary election ballot. In accordance with R.C. 3513.05, on January 5, relator, Mahoning County Sheriff Randall A. Wellington, filed a protest in the board of elections challenging Aey's candidacy. Sheriff Wellington claimed that Aey was not eligible to be a candidate

for sheriff because "he does not meet the qualifications to run for the office of sheriff" under R.C. 311.01(B)(9).

{¶ 3} On January 18, 2008, the board of elections held a hearing on the protest. At the hearing, Aey withdrew his claim that he qualified as a candidate for sheriff based on the postsecondary-education requirement of R.C. 311.01(B)(9)(b). The following pertinent evidence was introduced on the issue of whether Aey met the supervisory-experience requirement of R.C. 311.01(B)(9)(a).

### Evidence at Protest Hearing

{¶ 4} In December 1993, the Mahoning County Sheriff's Department hired Aey, and he was later promoted to deputy sheriff. Aey conceded that he had never held a rank higher than deputy sheriff while employed at the sheriff's office. When Aey was hired, the classified ranks in the office were deputy sheriff, corporal, sergeant, lieutenant, and captain. Promotions to corporal from deputy sheriff were made by appointment rather than by examination.

{¶ 5} During Aey's employment, however, collective bargaining resulted in the abolishment of the rank of corporal in the sheriff's office. Corporals who did not take or pass a promotional examination for sergeant were returned to the rank of deputy sheriff, and those corporals who passed the examination were promoted to sergeant. After the abolition of the corporal position, the classified positions in the sheriff's office were deputy sheriff, sergeant, lieutenant, and captain. Aey never held the position of sergeant, lieutenant, or captain, and he declined to take a promotional examination. Aey's title was designated as "Deputy 3" on his payroll records from 2003 through 2007. And in a July 2007 letter Aey filed with his candidacy petition, the personnel coordinator for the sheriff's office stated that Aey had been employed there "as a full-time Deputy Sheriff since December 6, 1993."

{¶ 6} After the corporal position was abolished, the United States Marshals Violent Fugitive Task Force was established as a collaborative, multijurisdictional effort to issue warrants and arrest certain fugitives. In June 2003, Major Michael Budd [1] of the Mahoning County Sheriff's Department appointed Aey to be in charge of the task force for the sheriff's office. According to Aey, Major Budd advised him that he would be given the position of corporal to oversee three more senior deputy sheriffs on the task force, that his overtime would offset the pay difference between the ranks of deputy sheriff and corporal, and that once the county's financial crisis had ended, the major would issue an order recognizing that he was working as a corporal on the task force. Major Budd also

---

1. Budd was later convicted in federal court of conspiracy to commit an offense against the United States and three counts of depriving another of constitutional rights under color of law. His conviction was affirmed on appeal. *United States v. Budd* (C.A.6, 2007), 496 F.3d 517.

informed Aey not to tell anybody about the promotion because the rank of corporal had been abolished and not to take any promotional examination because he had already been placed in the position. Major Budd, however, never issued an order formalizing Aey's purported promotion to the rank of corporal.

{¶ 7} Sheriff Wellington acknowledged that Major Budd was the second-in-command at the sheriff's office, but noted that the major had no authority to promote Aey. Aey, as well as the deputy sheriffs who testified, agreed that Aey had never held a rank other than deputy sheriff and had never served as a corporal.

{¶ 8} Aey worked with the task force as the sheriff's department representative, supervising other deputy sheriffs in executing warrants, accepting payroll forms, issuing press releases, and generally coordinating task force activities for the sheriff's office until his resignation in August 2007.

{¶ 9} At the protest hearing, Aey argued that his supervisory experience as a member of the U.S. Marshals task force was "tantamount" to or the "de facto" equivalent of the responsibilities of a corporal. In his written brief submitted to the board of elections, Aey claimed that although he "was not provided a specific title of Corporal or any higher rank, he in fact, performed each and every responsibility of a 'Corporal' or of a higher ranking individual within the Mahoning County Sheriff's Department."

### Decision of Board of Elections

{¶ 10} At the conclusion of the evidence and argument presented by Sheriff Wellington and Aey, the board of elections denied the protest and decided to place Aey's name on the March 4, 2008 primary election ballot as a candidate for sheriff. One of the board members had stated that he felt that Aey's service with the U.S. Marshals task force constituted supervisory experience that was "equivalent to that of a corporal." Another board member noted that despite the abolition of the position of corporal in the sheriff's office, a liberal construction of the supervisory-experience requirement warranted denial of the protest. The remaining board member who voted on the protest stated that he had a "problem with the corporal ranking," but that he would deny the protest.

{¶ 11} On January 22, Sheriff Wellington filed this expedited election action for a writ of prohibition to prevent the board of elections from placing Aey's name on the primary election ballot as a candidate for sheriff. The board filed an answer, and the parties submitted evidence and briefs pursuant to the expedited election schedule set forth in S.Ct.Prac.R. X(9). Sheriff Wellington also filed a motion for leave to file an amended petition or complaint instanter.

{¶ 12} This cause is now before the court for its consideration.

## Preliminary Motions

{¶ 13} Before we address the merits, we first consider several preliminary issues raised by the board of elections. The board asserts that this case should be dismissed because (1) Sheriff Wellington failed to comply with the affidavit requirements of S.Ct.Prac.R. X(4)(B), (2) Sheriff Wellington violated S.Ct.Prac.R. X(4)(A) by filing a petition instead of a complaint, (3) the petition was not brought in the name of the state on the relation of the sheriff, (4) the petition failed to name the board members as respondents, and (5) the petition fails to state a cognizable prohibition claim.

## S.Ct.Prac.R. X(4)(B) Affidavit Requirements

{¶ 14} S.Ct.Prac.R. X(4)(B) provides that for complaints instituting an original action in this court:

{¶ 15} "All complaints shall contain a specific statement of facts upon which the claim for relief is based, shall be supported by an affidavit of the relator or counsel specifying the details of the claim, and may be accompanied by a memorandum in support of the writ. The affidavit required by this division shall be made on personal knowledge, setting forth facts admissible in evidence, and showing affirmatively that the affiant is competent to testify to all matters stated in the affidavit. All relief sought, including the issuance of an alternative writ, shall be set forth in the complaint."

{¶ 16} The board of elections claims that the affidavit submitted by Sheriff Wellington in support of his petition fails to comply with S.Ct.Prac.R. X(4)(B) because the affidavit does not specify the details of the claim, does not set forth facts admissible in evidence, and does not affirmatively show that Sheriff Wellington is competent to testify to all matters stated in the affidavit. Sheriff Wellington's affidavit states that he has "reviewed the facts contained in the foregoing Petition for Writ of Prohibition, and affirm that they are accurate based on my personal knowledge."

{¶ 17} The board contends that based on the court's precedent concerning violations of S.Ct.Prac.R. X(4)(B), this case should be dismissed. See, e.g., *State ex rel. Commt. for the Charter Amendment for an Elected Law Director v. Bay Village*, 115 Ohio St.3d 400, 2007-Ohio-5380, 875 N.E.2d 574, ¶ 14; *State ex rel. Evans v. Blackwell*, 111 Ohio St.3d 437, 2006-Ohio-5439, 857 N.E.2d 88, ¶ 32.

{¶ 18} The board's contention lacks merit. Although "a substantial disregard of the whole body of these rules cannot be tolerated," "[i]n order to promote justice, the court exercises a certain liberality in enforcing a strict attention to its rules, especially as to mere technical infractions." *Drake v. Bucher* (1966), 5 Ohio St.2d 37, 40, 34 O.O.2d 53, 213 N.E.2d 182; see also *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 22.

{¶ 19} By specifying in his affidavit that he swore to the accuracy of the facts in the petition and stating that those facts are based on his personal knowledge, Sheriff Wellington satisfied the rule because his petition—as verified by his affidavit—specified the details of his claim, set forth facts admissible in evidence, and affirmatively established that he is competent to testify to the material facts—i.e., he filed a protest challenging Aey's candidacy for sheriff, and the board denied the protest at the conclusion of a hearing at which he testified and presented evidence. He did not need to repeat these same statements in his affidavit, which already verified the truth of these statements.

{¶ 20} Therefore, Sheriff Wellington did not substantially disregard S.Ct. Prac.R. X(4)(B). The cases cited by the board in support of its request for dismissal are not applicable because they involved our "longstanding legal construction of [the personal-knowledge requirement of] S.Ct.Prac.R. X(4)(B)." *Commt. for the Charter Amendment*, 115 Ohio St.3d 400, 2007-Ohio-5380, 875 N.E.2d 574, ¶ 14. The board does not claim that Sheriff Wellington failed to comply with the personal-knowledge requirement. As noted by Sheriff Wellington, we recently granted a writ of prohibition in a case in which the relators supported their complaint with a comparable affidavit incorporating the averments of the complaint. See *State ex rel. Stoll v. Logan Cty. Bd. of Elections*, 117 Ohio St.3d 76, 2008-Ohio-333, 881 N.E.2d 1214.

### S.Ct.Prac.R. X(4)(A) Complaint Requirement

{¶ 21} S.Ct.Prac.R. X(4)(A) provides that "[a]n original action shall be instituted by the filing of a complaint." The board argues that dismissal is required because Sheriff Wellington filed a petition instead of a complaint.

{¶ 22} The S.Ct.Prac.R. X(4)(A) requirement is analogous to the R.C. 2731.04 requirement that "[a]pplication for the writ of mandamus must be by petition." Even though we have held that a motion cannot commence a writ action, we have expressly permitted either a complaint or a petition to do so. See, e.g., *State ex rel. Brantley v. Ghee* (1998), 83 Ohio St.3d 521, 522, 700 N.E.2d 1258 ("original actions for extraordinary relief like a writ of mandamus must be commenced by filing a complaint or petition rather than a motion"); *State ex rel. Thomas v. Ghee* (1998), 81 Ohio St.3d 191, 193, 690 N.E.2d 6 (party seeking relief "should have filed a complaint or petition for a writ of mandamus instead of a 'motion' ").

{¶ 23} The board raises what is at most a technical defect that did not prejudice its ability to defend against the prohibition claim and does not constitute the type of substantial disregard of our Rules of Practice that warrants dismissal. See *Morgan*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 22, distinguishing *Drake*, 5 Ohio St.2d at 38, 34 O.O.2d 53, 213 N.E.2d 182 (pervasive failure to comply with rules), and *State ex rel. Queen City Chapter of Soc. of Professional Journalists, Sigma Delta Chi v. McGinnis* (1984), 10 Ohio

St.3d 54, 55, 10 OBR 316, 461 N.E.2d 307 (failure to file compliant brief after being ordered twice to do so).

## Petition Not Brought in the Name of the State
## on Relation of the Person Applying

{¶ 24} The board next claims that this case should be dismissed because it is not brought in the name of the state on the relation of the sheriff.

{¶ 25} The board cites S.Ct.Prac.R. X(3) in support of this proposition. That rule provides that the "party filing an action in mandamus, prohibition, procedendo, or quo warranto shall be referred to as the relator." A relator is commonly defined as the "real party in interest in whose name a state or an attorney general brings a lawsuit." Black's Law Dictionary (8th Ed.2004) 1315.

{¶ 26} Nothing in this rule, however, expressly requires that a party file a prohibition action in the name of the state on that party's relation. The rule differs from the statutory requirement that a mandamus action be "in the name of the state on the relation of the person applying." R.C. 2731.04.

{¶ 27} Moreover, the board's citation of *Davis v. Ohio State Adult Parole Auth.*, Cuyahoga App. No. 88335, 2006-Ohio-5429, 2006 WL 2977980, ¶ 17, in support of its claim is not persuasive because that case relies on cases that ultimately cite precedent interpreting the R.C. 2731.04 mandamus requirement. See, e.g., *Maloney v. Allen Cty. Court of Common Pleas* (1962), 173 Ohio St. 226, 19 O.O.2d 45, 181 N.E.2d 270. There is no comparable statutory requirement for prohibition cases.

{¶ 28} Therefore, the board's claim lacks merit.

## Failure to Name the Board Members as Respondents

{¶ 29} The board next argues that this case should be dismissed because Sheriff Wellington did not name the individual board members as parties.

{¶ 30} We have recognized that the proper respondent in a prohibition case to prevent the placement of names or issues on the ballot is the board of elections. *Campaign to Elect Larry Carver Sheriff v. Campaign to Elect Anthony Stankiewicz Sheriff*, 101 Ohio St.3d 256, 2004-Ohio-812, 804 N.E.2d 419, ¶ 11. Boards of elections have duties set forth in R.C. 3501.11 and throughout Title 35 and other sections of the Revised Code. There is no precedent or argument that boards of elections are not sui juris. Cf. *State ex rel. Cleveland Mun. Court v. Cleveland City Council* (1973), 34 Ohio St.2d 120, 121–122, 63 O.O.2d 199, 296 N.E.2d 544.

{¶ 31} Therefore, individual board members need not be named as parties in these actions. In fact, the board's lead counsel has previously filed expedited election cases against boards of elections in which he did not name the individual

board members as additional respondents.   See, e.g., *State ex rel. Stevens v. Geauga Cty. Bd. of Elections* (2000), 90 Ohio St.3d 223, 226, 736 N.E.2d 882; *State ex rel. Chance v. Mahoning Cty. Bd. of Elections* (1996), 75 Ohio St.3d 42, 661 N.E.2d 697.

## Failure to State a Cognizable Claim in Prohibition

{¶ 32} The board contends that Sheriff Wellington's petition should be dismissed because it contains no allegation that the board has exercised or is about to exercise quasi-judicial power.   Yet the petition manifestly alleges that the board denied the protest after conducting a hearing that included testimony. The petition sufficiently alleged that the board exercised quasi-judicial authority. *State ex rel. Reese v. Cuyahoga Cty. Bd. of Elections,* 115 Ohio St.3d 126, 2007-Ohio-4588, 873 N.E.2d 1251, ¶ 17 ("the board of elections exercised quasi-judicial authority by denying [relator's] protest after conducting a hearing that included sworn testimony").

## Conclusion:  Preliminary Matters and Motion for Leave to File Amended Petition Instanter

{¶ 33} Therefore, the board's preliminary claims are insufficient to justify dismissal of this prohibition action.   This conclusion is consistent with the axiom that the "fundamental tenet of judicial review in Ohio is that courts should decide cases on their merits." *State ex rel. Becker v. Eastlake* (2001), 93 Ohio St.3d 502, 505, 756 N.E.2d 1228.   "Fairness and justice are best served when a court disposes of a case on the merits." *DeHart v. Aetna Life Ins. Co.* (1982), 69 Ohio St.2d 189, 193, 23 O.O.3d 210, 431 N.E.2d 644.

{¶ 34} Our holding renders moot Sheriff Wellington's motion for leave to file an amended petition or complaint instanter.   The sheriff's proposed amended pleading addresses four of the board's five preliminary objections.   For the reasons previously discussed, however, no amendment is necessary to withstand dismissal here.

## Prohibition

{¶ 35} Sheriff Wellington requests a writ of prohibition to prevent the board of elections from placing the name of David P. Aey on the March 4, 2008 Democratic Party primary election ballot as a candidate for Mahoning County Sheriff.   To be entitled to the writ, Sheriff Wellington must establish that (1) the board of elections is about to exercise quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *Reese,* 115 Ohio St.3d 126, 2007-Ohio-4588, 873 N.E.2d 1251, ¶ 16.

{¶ 36} Sheriff Wellington established the first requirement for the writ because the board of elections exercised quasi-judicial authority by denying his protest after conducting a hearing that included sworn testimony. See *Tatman v. Fairfield Cty. Bd. of Elections*, 102 Ohio St.3d 425, 2004-Ohio-3701, 811 N.E.2d 1130, ¶ 14 ("even if the board [has] already exercised its quasi-judicial power by denying [the] protest, relief in prohibition is still available to prevent the placement of names or issues on a ballot, as long as the election has not yet been held").

{¶ 37} Sheriff Wellington also established the third requirement for the writ because he lacks an adequate remedy in the ordinary course of law due to the proximity of the primary election. *State ex rel. Columbia Res. Ltd. v. Lorain Cty. Bd. of Elections*, 111 Ohio St.3d 167, 2006-Ohio-5019, 855 N.E.2d 815, ¶ 28.

{¶ 38} For the remaining requirement—that the board's exercise of power was unauthorized by law—"we must determine whether the board acted fraudulently or corruptly, abused its discretion or clearly disregarded applicable law." *State ex rel. Brown v. Butler Cty. Bd. of Elections*, 109 Ohio St.3d 63, 2006-Ohio-1292, 846 N.E.2d 8, ¶ 23. Sheriff Wellington claims that the board of elections abused its discretion and clearly disregarded R.C. 311.01(B)(9)(a) by determining that Aey met the supervisory-experience requirement even though Aey had never served as a peace officer at the rank of corporal or above for the pertinent period.

### R.C. 311.01(B)(9)

{¶ 39} R.C. 311.01(B) provides that "no person is eligible to be a candidate for sheriff * * * unless that person meets all of the following requirements":

{¶ 40} " * * *

{¶ 41} "(9) The person meets at least one of the following conditions:

{¶ 42} "(a) *Has at least two years of supervisory experience as a peace officer at the rank of corporal or above*, or has been appointed pursuant to section 5503.01 [pertaining to the State Highway Patrol] of the Revised Code and served at the rank of sergeant or above, in the five-year period ending immediately prior to the qualification date;

{¶ 43} "(b) Has completed satisfactorily at least two years of post-secondary education or the equivalent in semester or quarter hours in a college or university authorized to confer degrees by the Ohio board of regents or the comparable agency of another state in which the college or university is located or in a school that holds a certificate of registration issued by the state board of career colleges and schools under Chapter 3332. of the Revised Code." (Emphasis added.)

{¶ 44} A candidate for sheriff can satisfy R.C. 311.01(B)(9) in one of the following ways: (1) have at least two years of supervisory experience as a peace officer at the rank of corporal or above in the five-year period ending immediately

before the qualification date, (2) be appointed to the Highway Patrol under R.C. 5503.01 and serve at the rank of sergeant or above in the five-year period ending immediately before the qualification date, or (3) satisfactorily complete at least two years of qualifying postsecondary education or the equivalent.

{¶ 45} Aey was never appointed to the Highway Patrol and never obtained two years of qualifying postsecondary education. Therefore, to comply with R.C. 311.01(B)(1), he had to have "at least two years of supervisory experience as a peace officer at the rank of corporal or above" in the applicable five-year period. R.C. 311.01(B)(9)(a) and (H)(1). The board of elections determined that even though Aey had never served at the rank of corporal or above, his experience as a member of the U.S. Marshals task force was the equivalent of supervisory experience at a rank of corporal or above.

{¶ 46} The board of elections abused its discretion and clearly disregarded R.C. 311.01(B)(9) in so holding. "Under the language used in the pertinent portion of R.C. 311.01(B)(9)(a), in order to be eligible to be a candidate for sheriff, the person must, within the five-year period, have two years of supervisory experience *and that supervisory experience must have been earned when the person served as a peace officer at the rank of corporal or above.*" (Emphasis added.) *State ex rel. Wolfe v. Delaware Cty. Bd. of Elections* (2000), 88 Ohio St.3d 182, 184, 724 N.E.2d 771; see also *State ex rel. Watson v. Hamilton Cty. Bd. of Elections* (2000), 88 Ohio St.3d 239, 241, 725 N.E.2d 255.

{¶ 47} Like the prospective candidates for sheriff in *Wolfe* and *Watson,* Aey did not earn the requisite supervisory experience. Instead, he admitted that he had never served as a peace officer at the rank of corporal or above. Aey's reliance on *State ex rel. Hawkins v. Pickaway Cty. Bd. of Elections* (1996), 75 Ohio St.3d 275, 662 N.E.2d 17, is misplaced because in that case, we construed a substantially different, previous version of R.C. 311.01(B)(9), which permitted "at least two years of supervisory experience *or its equivalent* " instead of requiring that the supervisory experience be earned as a peace officer at a specified rank. (Emphasis added.) Id. at 277, 662 N.E.2d 17. 141 Ohio Laws, Part III, 5506; cf. *Wolfe,* 88 Ohio St.3d at 185–186, 724 N.E.2d 771; *Watson,* 88 Ohio St.3d at 241–242, 725 N.E.2d 255.

{¶ 48} Moreover, although we have a duty to liberally construe the statutory limitations on the right to be an eligible candidate for sheriff in order to permit electors to choose from all qualified candidates, the court cannot liberally construe a statute with an unequivocal and definite meaning. *Wolfe,* 88 Ohio St.3d at 186, 724 N.E.2d 771.

{¶ 49} The board and Aey both claim that the board's decision is further supported by evidence that Aey had been promoted by Major Budd to the rank of corporal when Aey served on the task force. They assert that although the

evidence is conflicting on this point, the court must defer to the board's conclusion. The board and Aey are correct that "[w]e will not substitute our judgment for that of a board of elections if there is conflicting evidence on an issue." *Wolfe,* 88 Ohio St.3d at 185, 724 N.E.2d 771; *State ex rel. Duncan v. Portage Cty. Bd. of Elections,* 115 Ohio St.3d 405, 2007-Ohio-5346, 875 N.E.2d 578, ¶ 16.

{¶ 50} But even though Aey testified that Major Budd had informed him that he did not need to take any promotional examination because he had already been placed in the position and had further advised him that the major would issue an order promoting him to corporal when the county's financial crisis ended, the uncontroverted evidence is that the major never issued the order, Aey never served at a rank higher than deputy sheriff, the corporal position that the major referred to had been abolished, and the major lacked authority to promote Aey.

{¶ 51} Nor is there any indication that the board's determination denying the protest was based on any conclusion that Aey had been promoted to the rank of corporal while serving on the task force. In fact, in its answer to the sheriff's petition for a writ of prohibition, the board of elections admitted that, in denying the protest, it "found [Aey's] experience *equivalent* to that of a 'corporal or above.'" (Emphasis added.) Under these circumstances, there is no conflict regarding any material issue.

{¶ 52} Therefore, the board abused its discretion and clearly disregarded R.C. 311.01(B)(9) by denying Sheriff Wellington's protest and placing Aey's name on the primary election ballot.

### Clean Hands

{¶ 53} Aey also claims that the writ should be denied because Sheriff Wellington has not come to the court with clean hands. This issue, however, is not raised by the board of elections. In general, "[a]mici curiae are not parties to an action and may not, therefore, interject issues and claims not raised by the parties." *Lakewood v. State Emp. Relations Bd.* (1990), 66 Ohio App.3d 387, 394, 584 N.E.2d 70. We have applied this general rule in an expedited election case. *State ex rel. Citizen Action for a Livable Montgomery v. Hamilton Cty. Bd. of Elections,* 115 Ohio St.3d 437, 2007-Ohio-5379, 875 N.E.2d 902, ¶ 26–27. Because Aey raises an issue that is not raised by the board of elections and was not raised by him at the board's protest proceeding, we will not address it. Id.

### Conclusion

{¶ 54} Based on the foregoing, Sheriff Wellington has established his entitlement to the requested extraordinary relief. Accordingly, we grant a writ of prohibition to prevent the board of elections from placing the name of David P.

Aey on the ballot as a candidate for the Democratic Party nomination for Mahoning County Sheriff at the March 4, 2008 primary election.

Writ granted.

MOYER, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents for the reasons set forth in his dissent in *State ex rel. Wolfe v. Delaware Cty. Bd. of Elections* (2000), 88 Ohio St.3d 182, 186–187, 724 N.E.2d 771.

O'CONNOR, J., not participating.

––––––––––––

Porter, Wright, Morris & Arthur, L.L.P., James B. Hadden, and Anne M. Hughes, for relator.

The McTigue Law Group, Donald J. McTigue, Mark A. McGinnis, and John M. Stephan, for respondent.

Robert L. Berry Co., L.P.A., and Robert L. Berry, urging granting of the writ for amicus curiae Buckeye State Sheriffs Association.

Matthew C. Giannini, urging denial of the writ for amicus curiae David P. Aey.