OPINION AND JUDGMENT ENTRY
{¶ 1} This is an expedited election action for a writ of mandamus to compel respondent Mahoning County Board of Elections to place the name of relator Howard L. Faison Jr. on the November 2008 ballot as a candidate for the office of Mahoning County Sheriff. Due to the expedited nature of this case and the approaching election, this court ordered the parties to brief the following threshold legal question, prior to the filing of summary judgment motions:
 {¶ 2} "Does a deputy sheriff who retired on disability within the past five years, but more than the four-year look back period for qualifying service, satisfy the requirements of R.C. 311.01(B)(8), concerning the element `employed * * * as a full-time [peace or law enforcement] officer * * * performing duties related to the enforcement of statutes, ordinances, or codes?"
 {¶ 3} For the following reasons, we answer this question in the negative. Thus, relator has no clear legal right to the relief requested, the Board of Elections has no clear legal duty to perform such request, and the request for extraordinary relief is hereby denied.
 {¶ 4} Relator filed this action on June 19, 2008, alleging that the Board of Elections has a clear legal duty to place his name on the ballot as an independent candidate for sheriff, that he has a clear legal right to have his name on the ballot and that he has no adequate remedy of law. See State ex rel. Manson v. Morris (1993),66 Ohio St.3d 440, 441 (for general mandamus requirements). The petition states that he was a deputy sheriff who retired on disability in 2003. The petition also provides that on June 5, 2008, the Board of Elections determined that he was not an eligible candidate because he failed to satisfy either option in R.C. 311.01(B)(8), which provides that a candidate for sheriff must meet one of the following conditions:
 {¶ 5} "(a) Has obtained or held, within the four-year period ending immediately prior to the qualification date, a valid basic peace officer certificate of training issued by the Ohio peace officer training commission or has been issued a certificate of training pursuant to section 5503.05 of the Revised Code, and, within the four-year period ending immediately prior to the qualification date, has been employed as an appointee pursuant to section 5503.01 of the Revised Code [pertaining to highway patrol] or as a *Page 2 
full-time peace officer as defined in section 109.71 of the Revised Code[1] performing duties related to the enforcement of statutes, ordinances, or codes;
 {¶ 6} "(b) Has obtained or held, within the three-year period ending immediately prior to the qualification date, a valid basic peace officer certificate of training issued by the Ohio peace officer training commission and has been employed for at least the last three years prior to the qualification date as a full-time law enforcement officer, as defined in division (A)(11) of section 2901.01 of the Revised Code, [2]
performing duties related to the enforcement of statutes, ordinances, or codes."
 {¶ 7} Thus, the relevant look back period is four years for a peace officer and three years for a law enforcement officer who is not also a peace officer. Since relator fits both categories, he receives the benefit of the longer look back period of four years for qualifying service.
 {¶ 8} According to relator, he is eligible under the aforementioned provisions if his disability retirement is considered a leave of absence and if a person on a leave of absence for the entire look-back period satisfies the statutory requirement. He believes his disability retirement is considered a leave of absence because R.C. 146.362 states that a disability recipient shall retain membership in PERS and shall be considered on leave of absence from employment during the first five years following the effective date of a disability benefit, notwithstanding any contrary provisions in chapter 146.
 {¶ 9} Relator continues to conclude that if he is actually on a leave of absence, then he retains all benefits of employment status and extrapolates this out to including the maintenance of full-time employment status for purposes of R.C. 311.01 (B)(8). He cites a case and statute relevant only to an employee in the telephone industry. See R.C. 4113.40(A) (stating that the time during which a telephone industry employee has been granted a leave of absence is counted as the equivalent of service performed for *Page 3 
the employer for the purpose of determining benefits and seniority);Hughes v. Ohio Bell (6th Cir. 1990), 916 F.2d 367.
 {¶ 10} However, even assuming arguendo that his being on leave of absence for purposes of PERS is relevant for purposes of determining whether he can return to work and at what position, the Board of Elections initially urges that there is no indication that such PERS provision has anything to do with determining whether he is currently employed under the relevant election statute here. The Board also points out that employment status is not the only element as the statute further requires the employee to be performing certain duties during the look back period.
 {¶ 11} In evaluating the statute in a matter such as this, the Board's decision will be set aside and a writ of mandamus will issue to compel placement of relator's name on the ballot only if the board engaged in fraud, corruption or abuse of discretion or clearly disregarded applicable legal provisions. State ex rel. Wolfe v. Delaware Cty. Bd. ofElections, 88 Ohio St.3d 182, 184, citing State ex rel. Hazel v.Cuyahoga Cty. Bd. of Elections (1997), 80 Ohio St.3d 165, 167. Here, the issue is whether respondent clearly disregarded the language in R.C. 311.01(B)(8). As aforementioned, in order to answer this question, we must determine whether a deputy sheriff who has been on disability retirement for the entire statutory look-back period is considered to have been employed as a full-time deputy sheriff performing duties related to the enforcement of statutes, ordinances or codes during this time.
 {¶ 12} To determine legislative intent, we begin by reviewing only the statutory language. State ex rel. Wolfe v. Delaware Cty. Bd. OfElec, 88 Ohio St. 3d 182, 184. In doing so, words are accorded their usual, normal or customary meaning. Id., citing R.C. 1.42. As relator states, a court is to liberally construe R.C. 311.01(B)'s limitations on the right to be an eligible candidate for sheriff in order to permit electors to choose from all qualified candidates. However, this rule does not apply when there is no actual construction occurring because a statute's meaning is unequivocal and definite. Wellington v.Mahoning County Bd. Of Elections, 117 Ohio St.3d 143, 2008-Ohio-554, ¶ 48.
 {¶ 13} According to R.C. 311.01(B)(8), in the relevant period, this relator must have been employed full-time as a deputy sheriff performing duties related to the *Page 4 
enforcement of statutes, ordinances or codes. Even if his disability retirement is considered to be a leave of absence and even if a deputy sheriff on such a leave of absence is considered a full-time employee under the statute, during such disability leave, he is notperforming duties related to the enforcement of statutes, ordinances orcodes. There were no duties at all being performed by relator, let alone duties related to the enforcement of statute, ordinances or code. This language is not superfluous as relator's argument seems to assume. Rather, the plain language of the election statute requires the performance of specified types of duties during the look-back period, and this requirement has not been satisfied here.
 {¶ 14} As such, respondent did not clearly disregard the statute and had no clear legal duty to place relator's name on the ballot; nor did relator have a clear legal right to have his name on said ballot. Consequently, the petition for writ of mandamus is denied as a matter of law.
 {¶ 15} Final order. Clerk to serve notice as provided by the Civil Rules.
Vukovich, J., concurs Waite, J. concurs DeGenaro, J., concurs
[1] A peace officer includes a deputy sheriff who is commissioned and employed as a peace officer by a political subdivision of this state and whose primary duties are to preserve the peace, to protect life and property, and to enforce laws, ordinances, resolutions or regulations. R.C. 109.71(A)(1).
[2] A law enforcement officer includes a deputy sheriff. R.C. 2901.01(A)(11).
 *Page 1