Pfeifer, J.,
dissenting.
{¶ 41} In State ex rel. Wolfe v. Delaware Cty. Bd. of Elections, 88 Ohio St.3d 182, 724 N.E.2d 771 (2000), I dissented, writing:
The statute at issue, R.C. 311.01, is overly restrictive without a rational basis. I would find it unconstitutional.
R.C. 311.01 is denying Ohio citizens a meaningful choice in electing sheriffs. In Ohio’s small counties, R.C. 311.01 effectively rules out competition. Active police officers cannot run for sheriff because as classified civil servants they are prohibited from political activity. R.C. 124.57. A sheriffs deputy in an unclassified position could run for office, but an officer running against his boss is not a realistic possibility. Indeed, even the Attorney General of this state, defined by statute as our “chief law officer,” R.C. 109.02, would not be qualified to be a county sheriff under R.C. 311.01. See, e.g., R.C. 311.01(B)(8).
Reasonable, nondiscriminatory restrictions upon voting rights are generally upheld where the state’s important regulatory interests justify the restrictions. Burdick v. Takushi (1992), 504 U.S. 428, 434, 112 S.Ct. 2059, 2063-2064, 119 L.Ed.2d 245, 253-254. R.C. 311.01 does not further the regulatory interests of the state. Stifled competition does not yield better sheriffs.
*410 Baker, Dublikar, Beck, Wiley & Mathews, Gregory A. Beck, and James F. Mathews, for relator.
Roetzel & Andress, L.P.A., Thomas L. Rosenberg, and Michael R. Traven, for respondent.
Id. at 186-187 (Pfeifer, J., dissenting).
{¶ 42} Unfortunately, nothing has changed in the meantime. The example I gave in Wolfe, that the attorney general, the chief law officer for the state, does not meet the statutory requirements to be a county sheriff, is still true. And today, this court holds that a person who has been the assistant director of the Department of Public Safety is unqualified to be a county sheriff.
{¶ 43} I would liberally construe the qualifications contained in R.C. 311.01. In my opinion, a person who served within the qualifying time period as an enforcement agent of the Ohio Investigative Unit of the Department of Public Safety satisfies the requirements of R.C. 311.01. In my opinion, a person who served as the full-time assistant director of the Department of Public Safety and who in that capacity worked with agents in the field and in surveillance, made arrests on search warrants and raids, and carried a badge and a weapon satisfies the requirements of R.C. 311.01. In my opinion, a person who directed the State Highway Patrol, Emergency Management Agency, and the Ohio Investigative Unit satisfies the requirements of R.C. 311.01. That the person also supervised the human-resources office, defined the department’s goals, and formulated the department’s policies is more an indication of competence than, as stated in the majority opinion, a reason for automatic disqualification.
{¶ 44} I dissent.
O’Neill, J., concurs in the foregoing opinion.